In the Matter of PETER MUSCARELLA, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Fourth Department, May 6, 1953.

*Paul Muscarella* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Philetus M. Chamberlain* of counsel), for respondent.

WHEELER, J. Petitioner, an experienced automobile driver, sixty-six years of age, having been involved within a period of eighteen months in three accidents while operating a motor

vehicle in which damage to property in excess of $50 was sustained, was required by the Commissioner of Motor Vehicles to submit to an examination pursuant to the mandatory provisions of subdivision 8 of section 20 of the Vehicle and Traffic Law, to determine his " qualifications and fitness to continue to hold a license to operate motor vehicles." Petitioner submitted to such an examination, which he failed to pass. After taking private driving lessons, he requested and was granted a second examination which he also failed to pass. His license was thereupon revoked, " Cause: Pursuant to Section 20–8 of the Vehicle & Traffic Law — failure in (special three accident re-examination)."

In this proceeding, in the nature of mandamus under article 78 of the Civil Practice Act, petitioner claims (1) that the revocation of his license was unreasonable and arbitrary and deprived him " of a vested right without due process of law ", and (2) that he should have been " accorded a hearing with the right to adduce evidence and cross examine the examiners who gave him the test."

The proceeding was transferred to the Appellate Division for disposition by an order of the Supreme Court, Monroe County Special Term, under the mistaken assumption that the determination by the commissioner was " made as the result of a hearing held, and at which evidence was taken pursuant to statutory direction ". (Civ. Prac. Act, § 1296.) There is no provision in subdivision 8 of section 20 giving a licensee an opportunity to be heard and, in fact, in this instance no hearing was had or evidence taken. However, and notwithstanding the erroneous transfer of the proceeding to this court, we are authorized to dispose of the issue as if the proper proceedings had been taken. (Civ. Prac. Act, § 1296.)

Petitioner, in support of his contention that he should have been accorded a hearing, relies upon *Matter of Wignall* v. *Fletcher* (278 App. Div. 28, affd. 303 N. Y. 435). In that case the proceeding was instituted by the commissioner under paragraph (b) of subdivision 3 of section 71 of the Vehicle and Traffic Law, but the license was revoked under subdivision 8 of section 20. Both the Appellate Division and the Court of Appeals considered it a section 71 proceeding, under which a licensee is specifically granted an opportunity to be heard before revocation, together with a right to review under article 78 of the Civil Practice Act. The Appellate Division treated the road test under section 20 as being merely an adjunct to and implementing the " hearing " to which petitioner was entitled under

section 71. The Court of Appeals, in affirming, disapproved of the commingling of the two different procedures as being a violation of the legislative intention. Having reached that conclusion, the court stated (p. 440): '' we do not reach the question as to the nature of the right of review where the proceeding is commenced under subdivision 8 of section 20 as distinguished from a section 71 proceeding.''

Under subdivision 3 of section 71 the permissive revocation is authorized when the licensee is guilty of certain prohibited conduct and a hearing is, therefore, necessary to determine the fact of licensee's misconduct. Subdivision 8 of section 20 on the contrary, authorizes and directs the commissioner to re-examine a licensee to determine his qualifications to operate a motor vehicle, thus supplying the commissioner directly with personal knowledge of those qualifications. The provisions of the two sections are entirely distinct and independent of each other, each dealing with a separate problem — the one providing in substance for the trial of an issue of fact, the other for an examination by the commissioner to determine licensee's qualifications.

The devastating effects of an interpretation which would require an administrative hearing whenever an applicant is refused a license to operate a motor vehicle because of his failure to pass an examination or road test, are not difficult to appraise. Due process does not require any such result. (*Reitz* v. *Mealey*, 314 U. S. 33, 36.)

Judge DESMOND, in his dissenting opinion in the *Wignall* case, without being inconsistent with the prevailing opinion, wrote as follows (p. 445): '' The commissioner, not the courts, examines and licenses operators, and for a court or the commissioner himself to hold a later ' hearing ' to review the announced result of a road test is to do something not contemplated by any statute, and something which, we submit, would defeat the purpose of the road test. Decisions dealing with court review of findings of fact made on disputed testimony at hearings required by statute, have nothing to do with a situation like this.''

It is, therefore, our view that petitioner was not entitled to a hearing in connection with the re-examination under subdivision 8 of section 20.

The remaining question is whether we may dispose of the proceeding as a matter of law, or whether we may find from the record before us a triable issue of fact, which would necessitate the remittance of the proceeding to the proper term of court to be disposed of. The only possible issue of fact is whether the

commissioner acted arbitrarily, unreasonably, capriciously or maliciously in revoking petitioner's license. (*Matter of Small* v. *Moss*, 277 N. Y. 501; *Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93, 96; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.)

The exhibits attached to the answer show that the examinations were in the usual form and method prescribed by the commissioner and as authorized under subdivision 8 of section 20. The two written tests (true or false questions), while perhaps somewhat difficult for this particular petitioner, cannot be considered as unreasonable or arbitrary; they speak for themselves and conclusively show failure. The road test reports disclose that on the first test the demerits charged against petitioner exceeded the minimum of fifteen by ten points, and on the second test by fifteen points, thus indicating serious driving faults, at least one of which is classified as a serious violation. These allegations of new matter set forth in the answer not having been controverted by a reply, must be deemed admitted. (Civ. Prac. Act, § 1292.)

As opposed to those allegations, which we believe do not indicate arbitrariness or capriciousness on the part of the commissioner or his examiner, we have the mere conclusory statements set forth in the petition that the examiners were " unfair in the examinations in that they were curt, abrupt and uncivil " and " unreasonable and arbitrary." These conclusions, unsupported as they are by any allegations of fact, are wholly insufficient to present any triable issue of fact.

It, therefore, follows that the determination of the Commissioner of Motor Vehicles revoking petitioner's license should be confirmed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL AND WHEELER, JJ.

Determination confirmed, without costs.