Isadore Book stein, J.
This is an article 78 proceeding to review the determination of respondent, who revoked petitioner’s operator’s license. Petitioner cites as authority for an annulment of the determination, the case of Matter of Wignall v. Fletcher (303 N. Y. 435).
On April 2, 1956, petitioner while operating a motor vehicle was in collision with another motor vehicle, in which no one was injured. The insurance carrier for the operator of the other motor vehicle paid petitioner for the damage sustained by him. On the entire record before the court, it is proper, for the purposes of this proceeding, to assume that the accident in question was not due to petitioner’s negligence.
Section 71 of the Vehicle and Traffic Law authorizes the respondent to revoke or suspend an operator’s license in several situations defined therein.
Those applicable to the situation in this case are found in paragraphs (b) and (e) of subdivision 3 of that section.
It is apparently the practice of respondent to schedule a hearing in the case of every accident where an operator involved therein is 65 years of age or over. Petitioner is 74 years of age. Accordingly, respondent gave due notice to petitioner of a hearing to be held at a fixed time and place, pursuant to section 71 of the Vehicle and Traffic Law, to determine whether any suspension or revocation of his operator’s license should be made. The notice did not indicate under what section or subdivision of section 71 respondent was proceeding. However, subjoined to the notice of hearing was a “ Note ” which, among other things, recited that “ the principal purpose of this hearing is to determine if your physical condition is such that you may safely operate a motor vehicle on the highways ”.
A hearing was held at the time and place fixed. The hearing officer opened the hearing by stating that ‘ ‘ this hearing has been called pursuant to section 71 of the Vehicle and Traffic Law because of an accident in which you were involved on April 2, 1956, and to determine whether any suspension or revocation of your license should be made ”,
While this statement was broader than the “Note” aforesaid, it was within the scope of the notice of hearing itself. *750 While the “ Note ” stated the principal reason for the hearing, as one covered by paragraph (b) of subdivision 3 of section 71, the notice of hearing itself did not, by reason of the note exclude a hearing also under paragraph (e) of subdivision 3 of section 71.
The testimony shows that the hearing officer was investigating both the accident, in order to determine the question of negligence, under paragraph (e) and the physical or mental ability of petitioner under paragraph (b).
At the conclusion of the hearing, the hearing officer stated “ with respect to the accident, I’m going to close the case. As a safety precaution, because of your age, I’m going to make a recommendation you be asked to submit to a road test so we can check your qualifications and make sure you’re all right. Should they follow my recommendation, you’ll be notified through the mail when and where to appear for the test ”.
In effect, this was a determination that no grounds existed for a suspension or revocation under any part of section 71 of the Vehicle and Traffic Law and that no such suspension or revocation would be made thereunder.
The only other determination made was that the hearing officer would recommend a road test, pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law.
The proceeding under section 71 was finally determined without a revocation or suspension of petitioner’s license being made.
Thereafter, respondent adopted the recommendation of the hearing officer for a road test. Accordingly, a new notice was served on petitioner, pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law, requiring him to appear at a time and place fixed, for a road test. Petitioner did so, took the test and failed. Following such failure, petitioner was notified that he failed the road test conducted pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law and that his license was revoked.
The procedure followed differed from that condemned in Matter of Wignall v. Fletcher (supra). Indeed, it appears that respondent in this case was clearly endeavoring to avoid the practice there condemned and to follow a course which that case indicated as the correct one.
Here there was no intermingling of the proceedings under the two sections. Here the proceeding under section 71 was not held open so as to make a determination thereunder, dependent on a determination in a proceeding under subdivision 8 of section 20. Here there was no determination, such as in the case cited where the “ Decision ” was: “Make arrangements for road *751 test. If he passes case can be closed, otherwise license revoked There, there was a determination, in advance of a road test, that the license should be revoked, under section 71, for which justification apparently did not exist, if the petitioner failed a road test. He failed the road test and was notified that his license was revoked, pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law, “ under which section no proceeding has been instituted ”. (Emphasis supplied.) (See Matter of Wignall v. Fletcher, supra, p. 439.) In that case, as the court said that “under the latter section” (§ 20, subd. 8) “lesser penalties might have been imposed, such as suspension or restriction, but the commissioner determined upon ‘ revocation ’ even in advance of the failure of the test.”
As already indicated no such thing occurred here.
The proceeding under the one section was closed, without penalty, before the proceeding under the other section was instituted. Due and proper independent notices of each proceeding was given. There was no failure of due process.
The determination of respondent is confirmed and the petition dismissed upon the merits, without costs.
Submit order.