Marcus Gr. Christ, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act brought- by the petitioner to review a revocation of his operator’s license by the Commissioner of Motor Vehicles. As a result of a minor collision which occurred *972 June 7,1957, the Motor Vehicle Commissioner conducted a hearing pursuant to section 71 of the Vehicle and Traffic Law, the principal purpose of which was to determine the physical condition of the petitioner who at the time of such hearing was 75 years of age. At the conclusion of that hearing the proceedings under section 71 were closed but the hearing examiner recommended that the petitioner be requested to take a road test. Acting under the powers conferred upon the Commissioner of Motor Vehicles under subdivision 8 of section 70 of the Vehicle and Traffic Law, the petitioner was required to take a road test on May 20,1958. This first re-examination the petitioner failed. Thereafter, the petitioner instituted a proceeding in this court to stay the Commissioner’s revocation order dated July 24, 1958. That proceeding resulted in an order dated September 8, 1958 which provided that the revocation order was stayed until November 1, 1958 and directed that petitioner be given a new road test to be held before November 1, 1958. The order further directed that if the petitioner failed such second road test a new revocation order might issue but that if he passed the test he would be entitled to retain his license and the order of revocation dated July 24, 1958 would be void.
On or about October 15, 1958 the Commissioner sent the petitioner a notice that the revocation order of July 24, 1958 has been 11 rescinded after review ’ ’. Arrangements were subsequently made pursuant to which the petitioner was given a second road test like the first under subdivision 8 of section 20 of the Vehicle and Traffic Law on October 28, 1958. During the course of this second road test there were four persons, in addition to the petitioner, present in the vehicle used for the road test. Two of these persons were friends of the petitioner; a third occupant was the motor vehicle license examiner conducting the examination, who, according to the record, has given road tests since 1938; and the remaining occupant was the supervising motor vehicle license examiner who had been directed to accompany the examiner assigned to conduct the petitioner’s road test.
On October 30, 1958 an order of revocation pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law was issued by reason of the petitioner’s failure to pass his second re-examination conducted on October 28, 1958 and before November 1, 1958 as ordered by the order of this court dated September 8, 1958. The petitioner procured an order to show cause on or about November 5,1958 staying the revocation order dated October 30, 1958 and requiring the Commissioner of *973 Motor Vehicles to show cause why an order should not be entered compelling him to state the reasons for the determination that the petitioner had failed the second road test. Before that application came on to be heard before the court the Commissioner of Motor Vehicles furnished the petitioner reasons for his failure of the second re-examination held on October 28, 1958 and the proceeding was therefore dismissed and the stay vacated on December 3, 1958 without prejudice to any other proceeding which the petitioner might be advised to commence under article 78.
The present proceeding was commenced by an order to show cause dated December 19,1958 and by its terms seeks (1) rescission of the revocation order dated “December 15, 1958 ”, or in the alternative (2) an order directing that a review of the entire proceedings be held before this court. Such order to show cause contains a stay of the Commissioner of Motor Vehicles from the enforcement of the revocation order dated 1‘ December 15, 1958 ” pending the hearing of such application. It may be observed in passing that the reference to a revocation order dated December 15, 1958 is incorrect as a careful examination of the entire record of the litigation between the petitioner and the Commissioner of Motor Vehicles fails to reveal any revocation order bearing the date December 15, 1958. The court has treated the reference to the revocation order sought to be reviewed as the one dated October 30, 1958 issued following the petitioner’s failure of the road test taken on October 28, 1958.
The petitioner appears to rely upon two grounds for judicial interference with the administrative action taken by the Commissioner of Motor Vehicles. The first is that the reasons assigned for his failure of the second re-examination are false and that in fact the road test was arbitrary in nature and that the Commissioner of Motor Vehicles, through his agents, is “purposely harassing your petitioner” and is determined to revoke petitioner’s license because of his age. The petitioner attempts to support this contention by annexing to his papers one-page affidavits by each of the two friends who were present in the car during the conduct of the second road test on October 28, 1958. Both of these persons state that they were in the car during the test and observed the orders of the examiner and the manner in which the petitioner responded to such orders. They also state that they later were shown the list of reasons given for the petitioner’s failure of such second road test. One of such persons states that he was “amazed” when they were shown to him and that in his opinion such reasons are false. *974 The other witness states that she studied the reasons carefully and concluded that each and every one was false and misleading. Neither of these passengers set forth any facts in their affidavits to substantiate their opinions or conclusions as to the alleged falsity thereof. In contrast, however, the record contains a detailed report submitted by the supervising motor vehicle license examiner in which details of the petitioner’s performance during the road test are reviewed. The record discloses that the petitioner accumulated 47 demerits in the course of this second re-examination, 16 being sufficient under departmental procedures to cause an applicant to fail. The fact that two friends of the petitioner who rode in the back seat of the car disagree with the findings of the examiners as to petitioner’s qualifications to be a licensed driver is not a sufficient basis for judicial interference with the Commissioner’s determination. After a careful review of the entire record the court is unable to reach the conclusion that the Commissioner’s revocation order was arbitrary or capricious. There existed a reasonable basis for the action taken and the court declines to interfere with the order made. (Cf. Matter of Applebaum v. Kelly, 9 Misc 2d 748.)
The second basis for upsetting the Commissioner’s determination appears to be that in some unexplained fashion the Commissioner lost jurisdiction when he sent a notice to the petitioner that the first revocation order dated July 24, 1958 had been rescinded. The theory appears to be that inasmuch as the court by its order dated September 8, 1958 had stayed that first revocation order and directed a new road test, the Commissioner should have left the revocation order in existence but stayed, nevertheless, until the court-ordered second road test was administered. The petitioner then argues that by rescinding the revocation order rather than leaving it in a condition of being stayed pending the second road test, jurisdiction of the petitioner was lost and there thus existed no basis for compelling him to submit to the second road test, failure of which resulted in the subsequent revocation order. This contention is completedly lacking in merit since the statute (Vehicle and Traffic Law, § 20, subd. 8) clearly indicates that the Commissioner of Motor Vehicles may require a licensee to submit to an examination when he believes such person is not qualified to operate a motor vehicle. In any event, the Commissioner’s action in rescinding the revocation order of July 24, 1958 is not something of which the petitioner can be heard to complain since by virtue of that action he received more than he was entitled to *975 receive. The Commissioner would have been fully justified in leaving the revocation order as it was, namely, stayed until November 1,1958 by virtue of the court order which directed the second road test.
The petition is dismissed and the stay contained in the order to show cause initiating this proceeding vacated.