Judge Desmond (now Chief J.)
in his dissenting opinion in Matter of Wignall v. Fletcher (303 N. Y. 435, 444-445), without being inconsistent with the prevailing opinion, wrote as follows: “ Authority for such ‘ re-examination of licensees ’ is given the commissioner by subdivision 8 of section 20 of the same Vehicle and Traffic Law. In plainest language that subdivision empowers the commissioner, if he ‘ has reasonable grounds to believe that a person holding a license issued pursuant to this section is not qualified to operate a motor vehicle, ’ to ‘ require such person to submit to an examination to determine his qualifications. ’ Petitioner has now had two such re-examinations, and has not passed either of them. Each time the examiner’s report showed him guilty of serious driving faults, including improper turns, improper speed at intersections, delayed braking, inattention to *338 traffic-signs and. lights, etc. Such determinations by a competent licensing authority can he upset hy the courts only on a showing that they were made arbitrarily, capriciously, maliciously or corruptly * * * (citing cases). There is no possible: basis in. this record far so condemning these re-examination results * * * Surely this-, petitioner has not shown a clear, legal right to hold, an operator’s license-. The courts, therefore, have no power to set those results aside.” The above language; is markedly appositiva to the case here. (See, also, Matter of Muscarella v. Macduff, 281 App. Div. 565.)
Finally, there is no merit to the contention that respondent attempted to intermingle the provisions, of section 71 of the Vehicle and Traffic Law with the provisions- of section 20-thereof under- which' the notice clearly indicated he was- proceeding. (Matter of Appelbaum v. Kelly, 9 Misc 2d 748; cf. Matter of Wignall v. Fletcher, supra.).
Accordingly,, the: petition is dismissed on the merits, without costs.