James J. Crisona, J.
Petitioner applies for an order under article 78 of the Civil Practice Act directing the respondent, as Commissioner of Motor Vehicles, to cancel and annul his determination revoking the petitioner’s license to operate a motor vehicle.
Petitioner is employed as a bus driver for the Green Bus Lines Inc. Since he was involved in three accidents within 18 months, respondent ordered him to submit to re-examination, pursuant to subdivision 8 of section 20 of the Vehicle and Traffic Law. Petitioner passed the written test, the English test and the eye test, but failed to pass the road test. The examiner stated that among other things petitioner failed to keep to the right, used poor judgment in traffic and in approaching intersections, and swung wide on right turns and short on left turns. Petitioner denies that he made the mistakes charged to him.
Because of this conflict, a hearing was scheduled for May 5, 1960, to determine the facts. (Civ. Prac. Act, § 1295.) On said day the parties appeared before me, and after argument, entered into a stipulation as follows:
“It is hereby stipulated and agreed by and between the attorneys for the parties hereto, to wit, the petitioner Robert *61 Devine, and the respondent, William S. Halts, as Commissioner of Motor Vehicles of the State of New York, that this proceeding be and the same hereby is withdrawn with prejudice upon one condition; namely, that the petitioner,
‘1 Robert Devine, will be given another road test by the respondent at the earliest possible date, and that the petitioner will abide by the results of that road test.
‘ ‘ The petitioner offers to submit himself to a further road test today if the respondent can arrange it. If the respondent cannot arrange a road test today, then the respondent will arrange the road test as fast as is possible, at the respondent’s convenience, and will give to the petitioner 24-hours notice of the scheduled date of the road test.”
Pursuant to the terms of the said stipulation, the petitioner was standing by waiting to be called for a re-examination. A few days later, however, at the request of counsel for the respondent, the above stipulation was rescinded and the matter set down for May 17,1960, for the taking of testimony to resolve the issue of whether or not the respondent was arbitrary, capricious and unreasonable in his determination revoking the license of the petitioner. The facts are these:
The petitioner, a young man, has been licensed as a motor vehicle operator for three and one-half years. For the past two years he has been regularly and continuously employed as a bus driver by the Green Bus Lines Inc., driving a passenger carrying bus, about 40 to 50 miles a day. On November 13,1959, the day of the re-examination, petitioner attended at the scheduled location with an automobile owned by a friend. The Motor Vehicle Bureau license examiner refused to permit the petitioner to use the said automobile for the test because it did not display an inspection stamp, although it had passed inspection, having been just purchased by the friend of the petitioner. Notwithstanding, the license examiner refused to permit the use of the said automobile for the test insisting that “‘You can’t take the test with this car. That is a violation. I can give you a ticket for it.’ ” Petitioner’s friend said, “No, you can’t, ’ ’ and took the registration out and the license examiner replied, “It’s no good. I don’t care. You be back before three o’clock with another car ”. In a hostile manner, the license examiner ordered the petitioner to get another automobile even though his friend produced and exhibited to the license examiner the registration certificate of his automobile ‘ ‘ stamped with a motor vehicle stamp that it was registered and inspected.”
Having been directed at 2:30 p.m. to return before 3 o’clock, petitioner hurriedly left, returnino- with another automobile at *62 2:55 p.m. He was then re-examined. On the same day, road tests were scheduled for 13 experienced motor vehicle operators who were being re-examined because of their involvement, like the petitioner, in three accidents within an 18-month period. Of the 13, four failed to appear and nine were re-examined. Of the nine, the license examiner failed only the petitioner.
The petitioner is a member of the Amalgamated Association of Bus Drivers, Local 11, representing all Green Bus Lines employees. Vincent Galasso, president of said association, testified that the petitioner is a ‘1 very good operator ”; that petitioner has not been involved in any accident in which he was “ at fault that the Green Bus Lines has never charged the petitioner with negligence in the operation of its bus; that the three accidents in which petitioner was involved were not ‘ ‘ at fault ’ ’ accidents and that if a bus is struck while standing still or if a passenger falls in the bus while changing seats, each of such events must be reported as an accident to the Motor Vehicle Bureau by the Green Bus Lines Inc. and are charged to the bus driver by the Motor Vehicle Bureau notwithstanding that he was not at fault.
Petitioner contends the action of the respondent to be arbitrary and unreasonable, but also argues that subdivision 8 of section 20 of the Vehicle and Traffic Law is unconstitutional in that (a) “no clear and reasonable norms were established therein for the guidance of the Commissioner ” and (b) that the statute denies petitioner the equal protection of the laws (U. S. Const., 14th Arndt.) since it deprives him of the means of earning a livelihood.
While it is true that the constitutionality of this statute was upheld in Matter of Muscarella v. Macduff (281 App. Div. 565) as against the contention that due process required a hearing before revocation, I have some reservations as to whether the statute can be deemed to be constitutional if it is made to apply to a motor vehicle operator who became involved in three accidents with 18 months without any fault on his part. It seems to me that a distinction ought to be made between the operator who is at fault and one who is not.
There is no need, however, for me to decide the constitutionality question since I find upon the basis of the facts recited above that the action of the respondent was arbitrary and unreasonable. The order of the respondent revoking petitioner’s motor vehicle operator’s license is annulled and the respondent is directed to re-examine the petitioner within the next 30 days on a date to be selected by the respondent and fixed by the order to be entered herein. Settle order.