William R. Brennan, Jr., J.
By this proceeding under article 78 of the Civil Practice Act, petitioner seeks to annul an order of the Commissioner of Motor Vehicles, revoking petitioner’s license to operate a motor vehicle. Petitioner also moves to stay the order of revocation.
The petitioner is 83 years of age and has driven automobiles since 1906 without being charged with any traffic infraction. In July, 1959 he was involved in a minor traffic accident, not resulting in any personal injury, or involving any other automobile. As a result, the Commissioner of Motor Vehicles held a hearing under section 71 of the Vehicle and Traffic Law and determined, pursuant to subdivision 8 of section 20 of that law that petitioner should submit to examination to determine his fitness to operate a motor vehicle. Petitioner failed the road test taken in the course of such examination and the revocation resulted.
The court has examined the record brought up for review by this proceeding. The petitioner denies the omissions, failures and shortcomings from which, according to the report filed by the motor vehicle inspector, his failure of the road test resulted. The only persons in the car during the test appear to have been the inspector and the petitioner. There is no provision under subdivision 8 of section 20 of the Vehicle and Traffic Law for any hearing before revocation of a license following a failure of a road test (Matter of Nelson v. Kelly, 4 A D 2d 596). This is not a proceeding to review a determination made as a result of a hearing at which evidence is taken, and there is no basis for a *1087 transfer of the proceeding to the Appellate Division (Civ. Prac. Act, § 1296).
The court can accord the petitioner no relief unless it is satisfied from this record that the action of the Commissioner was unreasonable, arbitrary or capricious. The court believes that the return in the form followed in this case is a compliance with the requirements of article 78, and that no hearing is required to be held upon petitioner’s denials of the shortcomings reported by the motor vehicle inspector. The petitioner is unquestionably being deprived of a valuable right, but his fitness to operate an automobile is for the Commissioner’s determination, not for the court’s; and upon the record now presented to the court, it cannot be said that the determination sought to be annulled was arbitrary, unreasonable or in any respect illegal (Matter of Walsh v. Kelly, 19 Misc 2d 971).
Accordingly, the petition is dismissed on the merits, but without costs, and the motion for a stay is denied.