■ In the Matter of ROBERT DEVINE, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.— In a proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles revoking petitioner's driving

license and directing his re-examination, pursuant to statute (Vehicle and Traffic Law, § 20, subd. 8), the Commissioner appeals from an order of the Supreme Court, Queens County, dated June 23, 1960, made at Special Term after a hearing, annulling said determination and directing a re-examination of the petitioner.  Order reversed, on the law and the facts, without costs, Commissioner's determination reinstated, and petition dismissed.  Inconsistent findings of fact implicit in the Special Term's opinion (*Matter of Devine* v. *Hults,* 25 Misc 2d 59) are reversed and new findings are made as indicated herein.  Petitioner, a bus driver, having been involved in motor vehicle accidents three times within an 18-month period, each accident resulting in personal injury or property damage in excess of $100, was required to submit to re-examination pursuant to said statute.  He failed the road test and his license was revoked.  Thereafter he commenced this proceeding, claiming that his failure was due to hostility on the part of the examiner arising out of an argument between the latter and a friend of petitioner in whose car petitioner had come to take the test, the argument being with respect to the absence of an inspection sticker on the friend's car.  At the hearing petitioner testified that the examiner evidenced his antagonism by his hostile tone of voice.  Except for this testimony, no evidence of hostility was adduced.  Such proof is wholly insufficient to support a finding that the examiner was arbitrary and capricious (*Matter of Muscarella* v. *Macduff,* 281 App. Div. 565).  Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Brennan, J., not voting.