Frank Del Vecchio, J.
This is an article 78 proceeding to review and set aside the decision of the Commissioner of Motor Vehicles denying petitioner’s application for a new operator’s license and to grant petitioner’s application for the issuance of a new license to operate motor vehicles.
It appears without dispute that petitioner is 42 years of age, married, the father of two children, and has been employed continuously for the past 20 years by the same employer as an expert ironworker, an occupation which requires him to travel to various points throughout the State; that prior to April 2, 1957 petitioner was duly licensed to operate motor vehicles *453 which license was revoked on that date by reason of a conviction for driving while intoxicated pursuant to the mandatory provision of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law; that the only violations of the Vehicle and Traffic Law of which petitioner has been convicted are speeding, August 14, 1950 (fined $20), driving while intoxicated, June 1, 1954 (fined $100), and driving while intoxicated, April 2, 1957 (fined $200); that no personal injuries resulted from petitioner’s driving while intoxicated.
Although the possession of a license to drive is a vested property right (Matter of Moore v. Macduff, 309 N. Y. 35) and may not be taken away except by due process (Matter of Wignall v. Fletcher, 303 N. Y. 435), the Legislature in exercising its power reasonably to regulate the use of highways may impose reasonable conditions before a license is issued and for the continued possession of the same. In Reitz v. Mealey (314 U. S. 33) the Supreme Court said at page 36: “ The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.”
The Legislature has expressly provided that, where revocation is mandatory, no new license shall be issued for at least six months after such revocation, nor thereafter, except in the discretion of the Commissioner of Motor Vehicles, and such Commissioner shall not issue a new license where a person has been twice convicted of driving while intoxicated where personal injury has resulted. Therefore, under the facts in this proceeding, the Commissioner, in his discretion, could have issued a new license to petitioner any time after Ñovember 2, 1957. However when petitioner made an informal request for the issuance of a license in April, 1958 the Commissioner wrote that he would not consider an application until April 2, 1960 and when petitioner filed an application for a new license on September 29, 1959 (two and a half years after the revocation) the Commissioner, without a hearing, notified petitioner by letter dated October 19,1959 that his application had been denied.
Petitioner contends that he had abstained from the use of intoxicating beverages since April, 1957 and that his application for a new license should be considered on the merits and facts which are applicable to his individual case and that the denial of such application, without any review or examination of any *454 facts or circumstances other than the application itself, after two years and five months from the date of revocation with a determination that an application would not be considered until April 2,1960 is arbitrary and capricious and without that exercise of discretion as contemplated by the provisions of the Vehicle and Traffic Law.
In considering the present proceeding, the court makes no determination as to the date when petitioner should or could be issued a new operator’s license; this decision is one within the jurisdiction of the Commissioner of Motor Vehicles in the first instance and could be set aside by the court only when it appeared that there was no substantial evidence to justify the administrative determination made by the Commissioner. (Matter of Donahue v. Fletcher, 299 N. Y. 227.)
If the Legislature intended that a person twice convicted of driving while intoxicated when no personal injuries are involved shall not be entitled to a new license until three years after revocation it could have so provided; instead it has seen fit to clothe the Commissioner with discretion to grant a new license to an operator whose license has been mandatorily revoked six months after the date of revocation. In the case of petitioner however the Commissioner has not exercised such discretion; he has arbitrarily determined that he will not even consider an application until three years after revocation, citing no authority to justify this determination. He could just as well have required petitioner to wait 5 or 10 years.
Any determination calling for exercise of discretion requires an actual exercise of judgment, which necessitates consideration of facts and circumstances bearing upon the advisability of the contemplated action, in order that a sound, fair and just determination may be made. (Matter of Blackburn v. Macduff, 206 Misc. 393.) “ The term ‘ discretion ’ denotes the absence of a hard and fast rule.” (Langnes v. Green, 282 U. S. 531, 541.) In the present case, respondent had nothing before him except the fact of petitioner’s three convictions upon which to base his refusal to consider the application for relicensing. This is not sufficient to permit an exercise of discretion so as to bar consideration of an application for three years. It may be that petitioner will be able on a hearing to submit proof of facts which will make a refusal by respondent now to issue a new license arbitrary and without any substantial basis; on the other hand, information elicited at the hearing, when considered with the proof of three convictions, may amply justify a denial of an application for a new license. This court is of the opinion, however, that in this particular case in view of the *455 statements contained in the petition a hearing is essential in order to place before the Commissioner evidence upon which he may exercise his discretion and that to refuse petitioner an opportunity to have his application considered on the merits for three years following revocation is arbitrary and not a proper exercise of discretion, especially in view of the provision of the Vehicle and Traffic Law permitting the issuance of a new license six months after revocation. (Vehicle and Traffic Law, § 71, subd. 5.)
Accordingly, the Commissioner is directed to allow petitioner to file his application and to be examined as to his fitness and qualification to operate a motor vehicle, and to issue a license if it appears from the facts and circumstances that it is just and proper to do so.
Order accordingly.