Robert O. Brink, J.
The petitioner, Richard H. Gregson, has applied to this court for an order setting aside the suspension of his driver’s license by the New York State Commissioner of Motor Vehicles pursuant to paragraph (a) of subdivision 3 of section 510 of the New York State Vehicle and Traffic Law.
The petitioner’s driver’s license was suspended for 20 days from the date of surrender as a final determination following a hearing based on a finding that the licensee ‘ ‘ drove to the left of a double white line in violation of § 1126 (a) of the Vehicle and Traffic Law on April 6,1963, in Broome County — Accident ”.
At the hearing on August 20 1963, the petitioner was represented by counsel who contended that the Referee could not lawfully find that his client violated a specific provision of the Vehicle and Traffic Law in the absence of a criminal conviction. ■He also raised the point that the notice of hearing was insufficient. These same two questions are raised by the petitioner in this proceeding.
As to the power of the Commissioner of Motor Vehicles to revoke or suspend a license without a criminal conviction, there seems to be no question. Paragraph (a) of subdivision 3 of *908 section 510 of the Vehicle and Traffic Law provides for a permissive suspension and revocation of a driver’s license for violations of the Vehicle and Traffic Law and local ordinances.
Subdivision 6 of section 510 of the Vehicle and Traffic Law provides a court conviction shall not be necessary to sustain a revocation or suspension. This statutory provision seems entirely reasonable and within the police power of the State. If the authority of the Commissioner of Motor Vehicles to revoke or suspend a license were limited to criminal convictions, the public would suffer from an increased lack of responsibility on the part of motor vehicle operators who usually escape prosecution unless a police officer is present at the time and place of the violation.
However, the other question raised by the petitioner’s counsel presents a more serious problem. The only notice of hearing received by the licensee, after stating the time and place of the hearing, contained the following: “ to investigate accident 4/6/63, Broome County”. Near the conclusion of the hearing, the Referee commented on the possibility of a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law (not the section under which his license has been suspended). This was the first notice that the licensee ever received as to any charge that he might have to meet on a hearing.
Subdivision 3 of section 510 provides among other things that, where revocation or suspension is permissive, the holder shall have an opportunity to be heard except where such revocation or suspension is based solely on court conviction or convictions or on a court commitment to an institution under the jurisdiction of the Department of Mental Hygiene. An opportunity to be heard necessitates due and proper notice of the purpose of a hearing. Moreover, a license to drive an automobile, subject to proper regulation is a property right which should not be taken away without due process. If the licensee is entitled to a hearing, a notice of a hearing to investigate an accident does not sufficiently advise or inform the licensee that he must meet a charge of a violation of a particular statute to retain his license.
There is no question but that the Commissioner has the power to call witnesses to investigate an accident, but after such investigation is held and completed, the licensee should be given proper notice of the charge constituting the basis of the possible suspension or revocation of his license. The logic of this reasoning is supported in Matter of Wignall v. Fletcher (303 N. Y. 435, 441) in the opinion of Fboessel, J.
The order of the New York State Commissioner of Motor Vehicles under date of January 24, 1964, suspending the peti *909 tioner’s license for 20 days should be vacated and set aside without prejudice to the Commissioner of Motor Vehicles or his authorized representative, to conduct and hold a further hearing on proper notice for the purpose of determining as to whether or not any action should be taken with respect to the petitioner’s license on the facts connected with the accident in which he was involved on April 6, 1963. Submit order.