■ In the Matter of RICHARD H. GREGSON, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court, County of Broome, which vacated the order of the respondent-appellant suspending the petitioner's driver's license. At about 7 o'clock on the morning of April 6, 1963, the petitioner was involved in a two-car accident on Front Street (Routes 11 and 12) in the Town of Chenango, Broome County. The facts are not in dispute. Petitioner was driving north on this two-lane 27-foot-wide highway, when for some unexplained reason he drove across a double solid white line and struck a car proceeding in the opposite direction. Pursuant to authority contained in section 510 of the Vehicle and Traffic Law, the State Commissioner of Motor Vehicles served on the petitioner a notice requiring him to be present at a hearing "to investigate accident 4/6/63 Broome Co. and to determine *whether or not your license and/or registration should be suspended*" (emphasis supplied). At the hearing the petitioner testified. He was represented by counsel who not only examined the petitioner and cross-examined other witnesses but specifically pointed out to the Referee that the notice stated that the hearing was to "determine whether or not [petitioner's] license or registration should be revoked under that section" [510]. It is our belief that the Referee correctly reported his findings to the Commissioner and that the record sustains the suspension of petitioner's license. A court conviction is not necessary to sustain a revocation or suspension (Vehicle and Traffic Law, § 510, subd. 6). We also agree with respondent-appellant that any violation of the Vehicle and Traffic Law may justify suspension or revocation by the Commissioner (Vehicle and

Traffic Law, § 510, subd. 3, par. [a]). Crossing a double white line is a violation of subdivision (a) of section 1126 of said law and petitioner's contention that reference to said section should have been included in the notice of hearing is without merit. We cannot agree that such an omission constituted a deprivation of due process; as might in some circumstances have been the case had the licensee, at or prior to the conclusion of the hearing, and with or without claiming surprise, demanded and been refused an opportunity to produce additional proof, or in some other respects to prepare and submit his defense, upon adjournment or otherwise. *Matter of Wignall* v. *Fletcher* (303 N. Y. 435) upon which petitioner relies is distinguishable. There the proceeding was commenced under former section 71 (now 510) involving some physical disability and then, after the filing of a report by the examiner in which he said "this man is 82 years of age but seems to be in good condition despite his advanced years", the petitioner was ordered to take a road test and without further notice to him, his license was revoked under a different statute (former § 20, subd. 8 (now § 501, subd. 8) of the Vehicle and Traffic Law, involving failure to pass a road test). Judgment reversed, on the law and the facts, and determination of the Commissioner reinstated, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur. [43 Misc 2d 907.]