■ In the Matter of HERMAN LYNN, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York,

Respondent.— Proceeding pursuant to CPLR article 78 to annul a determination of the Commissioner of Motor Vehicles which suspended petitioner's motor vehicle operator's license for 30 days. By order of the Supreme Court, Nassau County, entered March 16, 1966, the proceeding was transferred to this court for disposition. Determination annulled, with costs, and petition granted. The suspension of petitioner's driver's license was based solely on the testimony of one Joseph Cuccia, who claimed at the Department of Motor Vehicles hearing that petitioner's automobile moved from the left lane to the right lane of a four-lane highway in such a way that it caused Cuccia, operating a motorcycle in the right lane, to go off the road and overturn. Previously, the witness had claimed he was struck in the rear by petitioner's car, but he abandoned that theory at the hearing. The witness' charge that petitioner had left the scene of an accident was found by the hearing officer to be insufficiently established by the evidence adduced. There are numerous direct contradictions, inconsistencies, obscurities and guesses which reduce this witness' testimony to the level of being incredible as a matter of law. Without it, there is no evidence in this record to support the suspension order. Moreover, petitioner was notified to be present at a hearing to investigate his alleged leaving the scene of an accident. This accusation was completely disproved and the hearing officer so found. Nevertheless, the hearing officer, after framing a new charge, found a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law as the basis of the suspension order. That section involves an unsafe movement on a highway. That alleged violation and that section were never part of this proceeding until the suspension order issued. Proper and fair procedure will not permit that technique to be approved (*Matter of Wignall* v. *Fletcher*, 303 N. Y. 435). The decision in *Matter of Gregson* v. *Hults* (23 A D 2d 911, affd. 16 N Y 2d 936) is not to the contrary. The suspension order must be annulled and the petition granted. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.