■ In the Matter of GEORGE P. PRATT, Respondent, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered October 6, 1978 in Albany County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent suspending the petitioner's driver's license and which denied respondent's motion to transfer the proceeding to this court. Special Term, in making its decision, placed heavy reliance on an examination of the hearing testimony. The court obviously made findings of fact contrary to those found by the administrative hearing officer. Special Term, therefore, in retaining jurisdiction of this proceeding, erroneously denied its transfer to this court. Under such circumstances, this court is not bound by Special Term's findings and will treat the proceeding as if it had been properly transferred here initially *(Matter of Mistler v Tofany,* 39 AD2d 710, affd 30 NY2d 870; *Matter of Daigle v State Liq. Auth.,* 35 AD2d 901; CPLR 7804, subd [g]). In our view, the determination that petitioner violated section 1154 of the Vehicle and Traffic Law is amply supported by substantial evidence (see *Matter of McKenzie v Fisher,* 39 NY2d 103). The referee found that petitioner "was not paying attention to the traffic pattern which was presented to him and that he should have seen the pedestrian who was on the roadway attempting to cross from the left to the right side of the highway as he faced the intersection and that she was visible to him as he approached the intersection and that he did not make the necessary observations pertaining to pedestrian traffic and that he did not control his vehicle to avoid impact which ultimately resulted." The evidence established that decedent, a 61-year-old woman, had crossed more than three lanes of the four-lane, well-lighted highway at an intersection controlled by traffic signal lights before she was struck by petitioner's auto. She had crossed from his left to his right. The weather was clear and his lanes of travel were not obstructed by other vehicles between his vehicle and the pedestrian. She started crossing the street when the signal was red for petitioner and had reached the center of the four lanes when the signal turned green. Petitioner, in his description of the accident, failed to state that any object or diversion obstructed or distracted his view of the intersection. The decedent was described as walking on a line of the crosswalk located at the intersection. Petitioner did not sound his horn or otherwise signal his approach. He stated that his headlamps were on and in working order. Petitioner's contention that the notice of hearing he received was inadequate, misleading and unconstitutionally vague is rejected. The notice recited that the purpose of the hearing was "to investigate fatal accident on June 27, 1977

\* \* \*. Also, an alleged violation of § 605—Failure of George P. Pratt to file an accident report within 10 days." This gave petitioner notice that two transactions would be investigated at a hearing; the fatal accident and *also* his alleged failure to file an accident report. Even if petitioner initially mistakenly concluded that only the alleged failure to file an accident report was to be the subject of the hearing, that misbelief would or should have been quickly dispelled early in the hearing since the questioning was almost exclusively concerned with the facts of the accident. Indeed, a review of the hearing transcript compels one to conclude that petitioner and his counsel were aware that a purpose of the hearing was to investigate the fatal accident. Petitioner's argument that had he known the accident was to be investigated, he would have subpoenaed witnesses is without merit. We only note that at the end of the hearing, he was given the opportunity to present any evidence he desired and rejected the opportunity. We note that it is generally impossible, in a hearing notice of this type, to cite specific sections of the Vehicle and Traffic Law as having been violated, for the simple reason that what happened is unknown to the department until a hearing is held. The purpose of an administrative licensing hearing pursuant to section 510 of the Vehicle and Traffic Law, moreover, is not necessarily punitive, but is a procedure provided by the Legislature for the protection of the traveling public *(Matter of Barnes v Tofany*, 27 NY2d 74, 77). Consonant with this legislative intent, the hearing pursuant to section 510 is an appropriate method for investigation of the causes of the accident. The notice was not defective for failure to specify the particular section of the Vehicle and Traffic Law being investigated. We conclude that since petitioner had notice that the fatal accident was to be investigated, it was incumbent upon him to be prepared to defend against any violations of the Vehicle and Traffic Law arising out of the accident *(Matter of Gregson v Hults,* 23 AD2d 911, affd 16 NY2d 936). *Matter of Lynn v Hults* (26 AD2d 570), relied upon by petitioner, does not require a contrary result. The language of the notice in *Lynn* was different than in the case at bar. There, the notice indicated that only leaving the scene of an accident, a single transaction, was to be investigated, while the annulled suspension order was based on the accident itself. Petitioner's contention that section 510 of the Vehicle and Traffic Law is unconstitutionally vague lacks merit. The statute requires observance of a well-known standard of conduct, due care. This standard is particularly familiar to the courts and to the public when applied to the operation of an automobile (see, e.g., *Waterfall v Taylor,* 35 AD2d 619). Likewise, petitioner's claim that section 1154 of the Vehicle and Traffic Law was improperly applied to him since the accident took place at an intersection controlled by a traffic light is without merit. Section 1150 does not control the instant case since section 1154, by its own terms, specifically applies regardless of any other provision of article 27 of the Vehicle and Traffic Law. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.