## (January 14, 1982)

■ In the Matter of MOORE's AUTO SALES, INC., Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which suspended petitioner's dealer's license for 30 days and imposed a civil penalty of $500 for violations of the commissioner's regulations. Following a hearing, petitioner, a licensed car dealer, was found to have violated 15 NYCRR 78.13 (b), 78.26 (a) and (b). The former regulation requires a dealer who sells a secondhand motor vehicle to be used on the public highways of this State to deliver to the purchaser certification to the effect that "it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery" (15 NYCRR 78.13 [b]). A witness at the hearing testified that shortly after purchasing a used automobile from petitioner she experienced mechanical difficulties with the automobile and, as a result, she brought it to two separate automobile dealers for repairs. The service managers of these two dealerships also testified as to defects that were discovered in the automobile and the repairs that were made. Subdivision (a) of section 78.26 requires that advertising of any kind concerning the sale of a motor vehicle be made over the name of the dealer concerned and not over the name of any other person. There was evidence presented at the hearing that the automobile in question was advertised in a newspaper over the name of another and not petitioner who sold the automobile. There was also testimony at the hearing that no sign indicating the name of petitioner's business was displayed at his business premises in violation of 15 NYCRR 78.26 (b). In this proceeding, it is the function of this court to determine whether there is substantial evidence to support the determination made by the administrative agency (*Matter of Stork Rest. v Boland,* 282 NY 256). From our review of the record, we are of the opinion that, contrary to

petitioner's assertions, the determination is supported by substantial evidence. Although petitioner questions the testimony of certain witnesses, where findings on issues of credibility are supported by substantial evidence, as we conclude they are herein, the findings must be accepted by this court (*Matter of Perry v Department of Motor Vehicles of State of N. Y.,* 61 AD2d 1088, 1089). The civil penalty imposed was $500 and petitioner's dealer's license was suspended for 30 days. The punishment imposed is not, in our view, so disproportionate to the offense as to be shocking to one's sense of fairness and, therefore, it should not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). We have examined petitioner's remaining arguments and find them to be without merit. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.