■ In the Matter of Montgomery Ward & Co., Inc., Petitioner, v New York State Department of Motor Vehicles et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which suspended petitioner's repair shop registration for 15 days and imposed a civil penalty of $100 for violation of a regulation of the commissioner. Following a hearing, petitioner was found to have willfully violated 15 NYCRR 82.5 (g) which requires that a repair shop provide quality repairs. A civil penalty of $100 was imposed and petitioner's repair shop registration was suspended for 15 days. The present proceeding to review the determination of the Commissioner of Motor Vehicles then ensued. A witness at the hearing testified that she took her automobile to petitioner for an oil change and tune-up; that when she was thereafter told that the job was completed, she paid for the work and left; that she brought her vehicle back to petitioner and left it there the next day because it was stalling and would not stay with the flow of traffic; that an employee of petitioner telephoned her and told her that while test driving the car the clutch had blown and she now needed a new one; that she authorized the repairs and after paying for the repairs she found that the car could only be driven in third gear or reverse; that she was then told by employees of petitioner that there was nothing they could do for her; and that she then had to have the car towed to another repair shop. There was additional testimony that after the automobile in question was towed from petitioner's premises and examined it was discovered that the problems with it related to a float in the carburetor and a missing compression ring. The automobile was eventually repaired at another repair shop and then sold. Employees of petitioner testified that after each repair job the automobile was road tested and performed satisfactorily. One employee did state, however,

that he knew after the initial repair of the vehicle and its release to the customer there was still a problem with the diaphragm of the E cell valve that could cause the car to run improperly. From our review of the record, we are of the view that there is substantial evidence to support the determination that petitioner willfully violated 15 NYCRR 82.5 (g) in failing to provide quality repairs, and, therefore, the determination should be confirmed (*Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Moore's Auto Sales v Melton,* 86 AD2d 698). It is also the opinion of this court that the punishment imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness and, consequently, it should not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). Petitioner also challenges the constitutionality of 15 NYCRR 82.5 (g) on the grounds that the phrase "quality repairs" is unconstitutionally vague. Since the present article 78 proceeding is an inappropriate vehicle to make such a constitutional challenge, the proceeding, insofar as it challenges the constitutionality of 15 NYCRR 82.5 (g), must be converted to an action for a declaratory judgment (*Matter of Gold v Lomenzo,* 29 NY2d 468, 476, n 4; *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603). Where a statute or regulation is challenged as unconstitutionally vague, the test is whether a reasonable man subject to it would be informed of the nature of the offense prohibited and what is required of him (*People v Byron,* 17 NY2d 64, 67; *Town of Olive v Martins,* 79 AD2d 822, 823, app dsmd 54 NY2d 752). The term "quality repairs" is defined in the commissioner's regulations as "those repairs held by those having knowledge and expertise in the automobile field to be necessary to bring a motor vehicle to its pre-malfunction or pre-damage condition" (15 NYCRR 82.13 [a]). In our view, the regulation in question meets the constitutional standard and petitioner has failed in its burden of demonstrating that it is unconstitutionally vague. Consequently, the determination must be confirmed and the constitutionality of 15 NYCRR 82.5 (g) declared. Determination confirmed, and petition dismissed, without costs, and it is declared that 15 NYCRR 82.5 (g) is constitutional. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.