■ In the Matter of JOHN B. QUEALY, Appellant, v JOHN A. PASSIDOMO, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Harvey, J.

The primary issue on appeal is whether Vehicle and Traffic Law § 510 (6) (a), which prohibits respondent from restoring a driver's license to a person who has been twice convicted of driving a motor vehicle while intoxicated where personal injury was involved, is applicable when the injuries are relatively minor and sustained only by the person charged with driving while intoxicated. Respondent determined that the statute applied despite the fact that petitioner's second conviction for driving while intoxicated was based on a one-car accident in which only petitioner suffered injuries.* Following respondent's refusal to reissue petitioner a driver's license, petitioner commenced the instant CPLR article 78 proceeding seeking to annul respondent's determination. The petition was dismissed by Special Term and this appeal ensued.

Petitioner urges that respondent incorrectly interpreted the term "personal injury", as it is used in Vehicle and Traffic Law § 510 (6) (a), to include injuries sustained by the person convicted of driving while intoxicated. We cannot agree. The statute provides in pertinent part that the "commissioner shall not issue a new license, nor restore the old, in any event, where a person has been twice convicted of driving a motor vehicle while intoxicated * * * where personal injury has resulted from such driving while intoxicated" (Vehicle and Traffic Law § 510 [6] [a]). The plain language of the statute supports respondent's interpretation (see, Regan v Heimbach, 91 AD2d 71, 72, lv denied 58 NY2d 610). Respondent's interpretation is also consistent with the policy embodied in the statute to remove from public highways those drivers who have repeatedly manifested, by their conduct of driving while intoxicated and being involved in accidents serious enough to cause personal injury, that they are a hazard (see, Brockway v Tofany, 319 F Supp 811, 815; cf. Matter of Jones v Kelly, 9 AD2d 395, 400). The fact that petitioner fortuitously did not cause injury to anyone other than himself does not mitigate the fact that he has, on more than one occasion, been involved in an alcohol-related accident of such a magnitude that personal injury resulted. The State has a strong interest, in its

---

* Petitioner admits that his first conviction for driving while intoxicated involved an accident where the driver of the other vehicle sustained personal injuries.

battle against drunk drivers, to remove such individuals from its highways *(cf. People v Scott,* 63 NY2d 518, 525). Further, societal costs are incurred regardless of who is injured by the intoxicated driver.

Next, petitioner asserts that "personal injury" was not intended to include relatively minor injuries such as he suffered. Respondent has determined that any personal injury "regardless of the extent of such injury" (15 NYCRR 136.5 [a]), falls within the statutory meaning of "personal injury". Respondent's regulation is in harmony with both the statutory language and the policy concerns of the statute *(see, State Div. of Human Rights [Valdemarsen] v Genesee Hosp.,* 50 NY2d 113). Here, petitioner's injuries required hospital care and included a lump on the head, abrasions, lacerations, momentary unconsciousness, limping and nausea. It is incredulous to contend that these do not constitute personal injuries.

Petitioner's additional claims, that he was improperly denied a hearing and that respondent's decision was improperly based on hearsay, are without merit. Petitioner neither raised any factual issues nor did he request a hearing. Further, hearsay which, as here, is relevant and probative can form the basis for an administrative determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139).

Petitioner's remaining arguments, not raised below, are precluded from appellate review *(see, e.g., Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 444, *lv denied* 68 NY2d 610).

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.