■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TWO WHEEL CORP., Doing Business as HONDA-YAMAHA OF MINEOLA, et al., Appellants.—In a proceeding pursuant to Executive Law § 63 (12) and General Business Law § 396-r, *inter alia,* to enjoin the appellants from engaging in the practice of price gouging, the appeal is from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered April 10, 1986, which, among other things, (1) enjoined the appellants from selling or offering to sell any consumer goods or services for an unconscionably excessive price, during any abnormal disruption of the market, (2) ordered them to make

restitution, and (3) assessed a civil penalty against them in the amount of $5,000.

Ordered that the judgment is affirmed, with costs.

The present appeal arises from a determination of the Supreme Court, Nassau County, that the appellants violated New York's price-gouging statute (General Business Law § 396-r) by charging unconscionably excessive prices for various models of Honda electric generators between September 26 and October 8, 1985, a period during which much of Long Island suffered widespread power outages as a result of the destructive effects of Hurricane Gloria.

The appellants initially contend that electric generators do not fall within the ambit of the price-gouging statute because they are usually purchased for commercial use and hence do not meet the definition of "essential consumer goods" enunciated in the statute. We disagree. General Business Law § 396-r (2) define such goods as "those used [or] bought * * * primarily for personal, family or household purposes". In the instant proceeding, the Attorney-General submitted numerous affidavits from consumers which indicated that during the power outage, the affiants purchased various models of Honda generators from the appellants at exorbitant prices in order to obtain a source of electric power for the health and safety of the members of their respective households. All of the affidavits so submitted stated that the generators were bought for household purposes. Moreover, the Attorney-General also submitted several advertisements for Honda generators which indicated that all of the generator models involved in this proceeding were "[g]reat for * * * running almost anything in the house when the power's down". Significantly, the appellant Morris Zegarek, president of the appellant Two Wheel Corp., conceded in an affidavit that at least nine of the 15 generator models involved in the proceeding were designed and purchased primarily for household use. Furthermore, additional support for the applicability of General Business Law § 396-r to the present facts can be found in the language of the statute itself, for it prohibits merchants from taking unfair advantage of consumers "[d]uring any abnormal disruption of the market for consumer goods * * * resulting from * * * failure or shortage of electric power or other source of energy" (General Business Law § 396-r [2]). In light of the strong evidence adduced in support of the petition, the broad language of the statute, and the failure of the appellants to submit evidence to rebut the prima facie case established by

the Attorney-General, we conclude that the Supreme Court did not err in applying General Business Law § 396-r to the sale of generators by the appellants.

We further reject the appellants' contention that a summary determination was inappropriate because triable issues of fact were raised concerning whether the temporary increase in generator prices was attributable to increased freight and labor expenses incurred by them during the power failure. Initially, we note that such expenses are not additional costs "imposed" by the appellants' supplier; hence they are not the type of costs expressly taken into account by the language of the statute (see, General Business Law § 396-r [3]). Moreover, the papers submitted by the appellants failed to raise a genuine factual issue with respect to these alleged expenses. While the affidavit of Morris Zegarek did state that the delivery costs during the power outage were greater than normal, the appellants submitted no evidence to support this conclusory assertion, nor did they provide even a cursory explanation of the manner in which delivery expenses were calculated (i.e., whether freight costs are based on a per trip, as opposed to a per item, basis). Similarly, the submission by the appellants of a purported "analysis" of alleged additional labor costs did not suffice to create an issue of fact, for the analysis merely lists employees' names and wages and fails both to state the time period to which it refers and to include a comparison of wages paid during a "normal" work schedule. Therefore, the summary determination of the proceeding was appropriate (see, e.g., State of New York v Princess Prestige Co., 42 NY2d 104; Matter of State of New York v Daro Chartours, 72 AD2d 872; Matter of Lefkowitz v McMillen, 57 AD2d 979). Moreover, the deposition testimony of two of the appellants' employees established that the true reason for the price increases was the strong bargaining position in which the appellants found themselves as a result of the power outage.

We also find unpersuasive the appellants' contention that the Supreme Court erred in finding that the subject generator prices were "unconscionably excessive". The Attorney-General prepared and submitted thorough and detailed analyses of the temporary price increases on each of the generator models from records provided by the appellants. These documents demonstrated that the prices charged by the appellants during the power outage were uniformly and grossly higher than those charged prior to the power failure. Since these price increases were not attributable to additional costs imposed by

the supplier, the court did not err in concluding that the appellants violated General Business Law § 396-r.

Finally, we reject the appellants' claim that the price-gouging statute is unconstitutionally vague. It is firmly established that legislative enactments enjoy a strong presumption of validity, and the burden of overcoming this presumption rests upon the party who challenges the statute *(see, e.g., State of New York v Rutkowski,* 44 NY2d 989). Therefore, in order to succeed on their vagueness argument, the appellants were required to demonstrate that General Business Law § 396-r, as applied to the facts of this case, failed to reasonably apprise them that the prices which they charged during the power outage were "unconscionably excessive" *(see generally, State of New York v Rutkowski, supra; People v Byron,* 17 NY2d 64; *Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles,* 90 AD2d 643). The mere fact that no fixed rate or percentage of permissible price increase is supplied by the statute does not render it unconstitutional, for the standards set forth in General Business Law § 396-r are sufficient to apprise the appellants that their gross price increases of as much as 67% during the power outage were prohibited unless they were attributable to additional costs imposed by the suppliers of the generators *(see generally, Parker v Levy,* 417 US 733; *Broadrick v Oklahoma,* 413 US 601; *United States v National Dairy Corp.,* 372 US 29, *reh denied* 372 US 961; *People v Byron, supra; Matter of State of New York v Strong Oil Co.,* 105 Misc 2d 803, *affd* 87 AD2d 374).

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.