OPINION OF THE COURT
Peter P. Rosato, J.
By way of a CPLR article 78 petition, petitioner seeks to annul respondent’s determination dated October 18, 1988 and affirmed on January 11, 1989 following administrative appeal, whereby respondent, without a hearing, denied petitioner’s application for a driver’s license. Respondent’s denial was expressly based on Vehicle and Traffic Law § 510 (former [6]) (now Vehicle and Traffic Law § 1193 [2] [c]) which provides, in pertinent part: "such commissioner shall not issue a new license, nor restore the old, in any event, where a person has been twice convicted of driving a motor vehicle * * * while intoxicated or while his ability to operate such motor vehicle is impaired by the use of a drug as defined in this chapter where personal injury has resulted from such driving while intoxicated”. (Emphasis added.)
Petitioner concedes that he was in fact convicted of driving while intoxicated on August 20, 1985, based upon an automobile accident which occurred on November 6, 1984. Respondent, in an opposing affidavit of Lydia Semenowych dated April 4, 1989, represents that in addition to an injury suffered by petitioner in that 1984 accident (pain to abdomen/pelvis), a passenger in petitioner’s vehicle suffered "severe bleeding from the face rendering the passenger semi-conscious.” A copy of Ms. Semenowych’s decision of October 18, 1988 also contains a handwritten notation apparently referring to the injuries sustained by the passenger in that 1984 incident. However, as petitioner correctly points out, petitioner’s copy of Ms. Semenowych’s October 18, 1988 decision speaks only of the injury incurred by the petitioner in the November 6, 1984 accident. So the record be clear, petitioner takes the position that injury to self is not a "personal injury” within the meaning of Vehicle and Traffic Law § 510 (former [6]).
However, the core of the instant petition relates to petitioner’s second accident, i.e., that occurring on August 6, 1987. Petitioner argues that the police officer who responded to the scene of petitioner’s one-car accident of August 6, 1987 understandably, but incorrectly, assumed that petitioner’s minor head cut was sustained as the result of petitioner’s accident. In fact, petitioner maintains that he did not sustain any *499 injury whatsoever "as the result of the accident of August 6, 1987.” (Emphasis added.) Rather, it is petitioner’s contention that whatever minor head injury petitioner may have suffered on August 6, 1987 occurred prior to his accident in the course of an altercation in Geneva’s Bar and Grill, located in Peeks-kill, New York. Petitioner’s essential argument is that respondent has denied petitioner due process in denying his application without a hearing. Respondent, on the other hand, argues that petitioner has waived his due process argument since, according to respondent, petitioner neither supplied any documentation to contradict the aforementioned police report nor did he ever request a hearing on this issue.
Before ruling on the merits of petitioner’s procedural due process argument, the court will first treat other, and additional, threshold arguments raised by petitioner. Petitioner, at the outset, contends that Vehicle and Traffic Law § 510 (former [6]), now § 1193 (2) (c), is unconstitutionally vague in that the term "personal injury” is not defined by the Vehicle and Traffic Law. However, the instant article 78 petition is not the appropriate vehicle to raise such a constitutional challenge; rather, to the extent petitioner challenges Vehicle and Traffic Law § 510 (former [6]) as unconstitutionally vague, this proceeding, to that limited extent, must be deemed converted to a declaratory judgment action. (See, Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles, 90 AD2d 643 [3d Dept 1982].) In this regard, the court recognizes that "[statutes are presumed valid and constitutional and the one challenging the statute has the burden of showing the contrary.” (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [b].) Moreover, it is equally well settled that, "A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable.” (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 150, at 312.) Where, as here, "a statute * * * is challenged as unconstitutionally vague, the test is whether a reasonable man subject to it would be informed of the nature of the offense prohibited and what is required of him”. (See, Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles, supra, at 644; People v Byron, 17 NY2d 64.) Applying this standard, the appellate courts have sustained such terms as "excessive or unusual noise” as contained at Vehicle and Traffic Law § 375 (31) (see, People v Byron, supra) and the term "quality repairs” as contained at 15 NYCRR 82.13 (a) (see, Matter of Montgomery Ward & Co. v New York *500 State Dept. of Motor Vehicles, supra, at 644). In addition, a previous constitutional challenge to the "due care” language elsewhere contained at Vehicle and Traffic Law § 510 has been found to be equally without merit. (See, Matter of Pratt v Melton, 72 AD2d 887 [3d Dept 1979], affd 51 NY2d 837.) The upshot of each of the above-cited cases is that the use of ordinary, common terms, commonly understood in everyday discourses may convey sufficient meaning to withstand a constitutional challenge brought on vagueness grounds. (See, People v Byron, supra.) Under the test then set forth in Byron and the more recent appellate cases which have followed it, this court would find petitioner’s constitutional argument to be without merit.
Petitioner’s further argument, that the term "personal injury” as contained at Vehicle and Traffic Law § 510 (former [6]) was not intended to encompass either relatively minor injuries or injury to self, was the subject of thoughtful discussion by the Appellate Division, Third Department, in Matter of Quealy v Passidomo (124 AD2d 955 [1986], lv denied 69 NY2d 612). In rejecting both of these arguments, the Appellate Division, Third Department, relied on the language of 15 NYCRR 136.5 wherein, in referring to personal injury, it speaks of same "regardless of the extent of such injury”. (See, Matter of Quealy v Passidomo, supra, at 957.) Insofar as permitting injury to self to be subsumed within the term "personal injury”, the Quealy court pointed to the State’s strong interest in removing drunk drivers from the road and to the fact that "societal costs are incurred regardless of who is injured”. (See, Matter of Quealy v Passidomo, supra, at 957.) This court would fully agree with the Quealy court’s rulings on these issues and would therefore reject the arguments raised by petitioner herein insofar as minor injuries and injury to self are concerned.
Turning then to the critical and dispositive waiver issue, it is of importance, in this court’s view, to review the procedural posture of petitioner’s application prior to respondent’s determination of October 18, 1988. It is uncontroverted that petitioner, in September 1987, was convicted, for a second time, of driving while intoxicated and that, as a result, petitioner’s license was revoked for one year. (See, Vehicle and Traffic Law § 510 [2] [former (c)] [1] [iii].) Upon expiration of that one-year period, and on or about about September 2, 1988, petitioner submitted a pro forma application to respondent for a new driver’s license. Some six weeks later, and without in any way *501 notifying petitioner that permanent revocation of his license based on two alleged injury-related accidents was under consideration, Ms. Semenowych, on October 18, 1988, denied petitioner’s application based on the prohibition contained at Vehicle and Traffic Law § 510 (former [6]). At that point, having as yet had no opportunity to address the issues, petitioner, in timely fashion, sought administrative appeal and, in so doing, attempted to raise factual issues and informed respondent that "witness’ statement available on request” vis-á-vis the circumstances contemporaneous with and immediately prior to the automobile accident of August 6, 1987. Said administrative appeal was denied, without a hearing, by way of letter dated January 11, 1989. In view of petitioner’s written request and his representations concerning the availability of potential witness statements, this court would not find that petitioner waived whatever rights he may have had to procedural due process. (See by way of contrast, Matter of Quealy v Passidomo, supra, at 957.[1]
In addition, this court’s research has uncovered a number of cases where notice requirements vis-á-vis administrative licensing hearings have been discussed. In Matter of Pratt v Melton (72 AD2d 887, supra), the Third Department rejected petitioner’s argument that he had received inadequate notice given the fact that he had in fact received written notice that two transactions would be the subject of a hearing, i.e., a fatal accident as well as petitioner’s failure to file an accident report. The Pratt court distinguished the Second Department case of Matter of Lynn v Hults (26 AD2d 570 [1966]), wherein a determination suspending petitioner’s license was annulled based on the fact that the suspension order was predicated upon unsafe movement on the highway while the prehearing notice afforded petitioner had referred only to his allegedly leaving the scene of an accident. And see, regarding due process deprivations relating to hearing held pursuant to Vehicle and Traffic Law § 510 in general, Matter of Gregson v Hults (23 AD2d 911 [3d Dept 1965]).
In the instant case, the issue, of course, is not the adequacy of the notice; rather, the due process deprivation here, as this court sees it, is even greater in that petitioner, a truck driver *502 by trade, had no notice whatsoever, nor any opportunity for a fact-finding hearing as to whether or not he ought to be permanently barred from the road based on two allegedly injury-related accidents. (See, Goldberg v Kelly, 397 US 254 [1970]; Matter of Wignall v Fletcher, 303 NY 435; and see, Matter of Johnson v Melton, 100 Misc 2d 991 [Sup Ct, Kings County 1979, Leone, J.], where, as here, petitioner Johnson’s driver’s license was likewise the source of his income, and petitioner was found to be entitled to at least minimal due process guarantees.)
Accordingly, in light of what this court perceives to be a substantial violation of procedural due process, the instant petition is granted and respondent’s determination is hereby annulled and set aside. In addition, and in the event respondent again wishes to consider permanently revoking petitioner’s license pursuant to Vehicle and Traffic Law § 1193 (2) (c) (§510 [former (6)]), petitioner is to be afforded a fact-finding hearing, on notice, as to whether personal injury resulted from the subject driving while intoxicated conviction, prior to any determination.[2]

. Nor can respondent, on the waiver issue, invoke petitioner’s failure to file an accident report pursuant to Vehicle and Traffic Law § 605 since that section pertains only to accidents wherein someone is killed or injured; here, of course, petitioner is denying that he was injured as the result of the August 6, 1987 accident.

. In so ruling, this court is cognizant of the 1960 ruling made by the Appellate Division, Fourth Department, in Matter of Grosso v Hults (10 AD2d 894), which, in extremely brief fashion, and on the authority of Matter of Muscarella v Macduff (281 App Div 565 [4th Dept 1953]), reversed a lower court ruling (see, Matter of Grosso v Hults, 20 Misc 2d 452 [Sup Ct, Onondaga County 1959, Del Vecchio, J.]) which had afforded petitioner Grosso a hearing before respondent prior to any mandatory revocation of license pursuant to then Vehicle and Traffic Law § 71 (2) (b). Aside from the fact that Grosso was decided 10 years prior to the landmark Goldberg case cited above (397 US 254), the fact that Grosso drew its support from the Muscarella case is, in this court’s view, quite significant. A reading of the opinion in Muscarella shows that the court there was careful to distinguish two situations — one, where an individual, like petitioner Muscarella, had failed a road test or examination, the court held that an administrative hearing was not required under a due process analysis since all that was involved was an examination of the prospective licensee’s qualifications to drive. On the other hand, where an actual issue of fact is presented with respect to some form of statutorily prohibited conduct, the Muscarella court recognized that a hearing would be warranted. (See, Matter of Muscarella v Macduff, supra, at 567.) The instant case would clearly appear to fall into the latter category insofar as entitlement to a hearing is concerned. (And see, Matter of Johnson v Melton, 100 Misc 2d 991.)