In the Matter of GEORGE F. HAUPTMAN, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.

The petitioner asserted before the Supreme Court that the statute prohibiting the Commissioner of Motor Vehicles from issuing a new license to, among others, a person who has been twice convicted of driving while intoxicated and where personal injury resulted from each offense *(see,* Vehicle and Traffic Law § 1193 [2] [c], recodified from Vehicle and Traffic Law § 510 [6] [a], as amended by L 1988, ch 47) was not meant to apply where the personal injuries were sustained only by the person charged with driving while intoxicated or where

the injuries sustained were relatively minor. He concomitantly contended that 15 NYCRR 136.5 (a), which also prohibits issuance of a new license to a person with "two convictions for driving while intoxicated, with personal injury involvement in each, regardless of the extent of such injury", is invalid because it conflicts with the overriding statutory prohibition. Finally, the petitioner contended that the statutory prohibition is unconstitutional because it is vague and because it interferes with his right to travel.

The Supreme Court correctly determined that the petitioner's arguments are without merit. As noted by the Appellate Division, Third Department *(see, Matter of Quealy v Passidomo,* 124 AD2d 955), the plain language of the statute suggests that the Legislature intended to permanently keep off of our highways any persons who, by repeated convictions for driving while intoxicated arising from automobile accidents where persons are hurt, manifests that he or she is a danger to the public regardless of who was hurt or that, fortuitously, the injury was not serious. Moreover, the challenged regulation is in harmony with the express legislative intent and is therefore valid.

With respect to the petitioner's constitutional challenges, we conclude that the statute is sufficiently precise to put reasonable people on notice as to what is required of them and as to the consequences of particular conduct so as to withstand a challenge premised on vagueness *(cf., People v Byron,* 17 NY2d 64; *see, People v Smith,* 44 NY2d 613, 618; *People v Two Wheel Corp.,* 128 AD2d 507, 510). Moreover, conditions which attach to the privilege of driving *(see, People v Rosenheimer,* 209 NY 115) and violation of which will result in revocation of the privilege do not constitute interference with the right of travel.

Although the Supreme Court correctly determined by memorandum decision that the constitutional aspects of this proceeding should be converted to a declaratory judgment action *(see,* CPLR 103; *Matter of Gold v Lomenzo,* 29 NY2d 468, 476, n 4) and although it correctly upheld the validity of the challenged statute and the challenged regulation, the judgment entered provided merely for dismissal of the petition *(but see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). We therefore modify the judgment only to the extent indicated.

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.