■ In the Matter of RAYMOND A. GIUDICE, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's license to operate a motor vehicle.

On March 24, 1989 petitioner, a licensed chauffeur, was operating a 1988 Lincoln stretch limousine on Cyprus Avenue in Queens County. As the vehicle approached a sharp curve, it skidded on wet pavement and crossed the center line striking an oncoming vehicle, the operator of which was fatally injured. The posted speed limit at the site of the accident was 30 miles per hour. Petitioner's signed statement indicated that he was traveling in excess of the limit at the time of the accident.

The Department of Motor Vehicles subsequently advised petitioner that a hearing would be held to investigate whether petitioner's license would be affected by his participation in

the accident. Petitioner appeared at a hearing but on advice of counsel did not offer any testimony or other evidence with regard to the accident. The documentary evidence introduced at the hearing included a police accident report, witness statements signed by petitioner and his passenger, and a "report of motor vehicle accident" filled out by petitioner.

An Administrative Law Judge, relying upon, *inter alia,* petitioner's written statements, found that petitioner had violated Vehicle and Traffic Law § 1120 by failing to keep right and Vehicle and Traffic Law § 1180 (a) by proceeding at a speed not reasonable and prudent. Based on these violations, the Administrative Law Judge revoked petitioner's license. Respondent, upon recommendation of the Appeals Board, affirmed the determination. Thereafter, this CPLR article 78 proceeding was commenced and transferred to this court.

The determination should be confirmed and the petition dismissed. We reject petitioner's contention that the notice of hearing was inadequate. The notice unequivocally states that the purpose of the hearing is to investigate "a fatal accident that occurred on March 24, 1989 at Queens County". The notice also informed petitioner that his license could be revoked and advised him to "be prepared to present all evidence and witnesses on your behalf at the hearing". In our view the notice was sufficient.

Equally unpersuasive is petitioner's argument that the notice was defective because it did not specifically set forth the section of the Vehicle and Traffic Law of which he was ultimately found in violation. In *Matter of Pratt v Melton* (72 AD2d 887, 888, *affd* 51 NY2d 837), this court held that the notice given by the Department for revocation hearings pursuant to Vehicle and Traffic Law § 510 need not specify particular sections of the law. Our conclusion was based on the reasonable expectation that anybody involved in a vehicular accident should be prepared to defend against any violations of the Vehicle and Traffic Law arising out of the accident *(see, supra; see also, Matter of Gregson v Hults,* 23 AD2d 911, 912, *affd* 16 NY2d 936).

We also reject petitioner's argument that commencement of the license revocation proceeding constitutes double jeopardy because of petitioner's acquittal in a prior criminal proceeding regarding the same accident. The Court of Appeals in *Matter of Barnes v Tofany* (27 NY2d 74) stated, "We hold that the 'double punishment' feature of our Vehicle and Traffic Statute —one criminal and the other administrative—is lawful" *(su-*

*pra,* at 77). The court also noted that "[t]he constitutional prohibitions against double jeopardy and double punishment do not prevent the Legislature from enacting, and the executive from enforcing, civil as well as criminal sanctions for the same conduct" *(supra,* at 78).

Finally, we find that the record contains the requisite substantial evidence to support the determination *(see, Matter of McKenzie v Fisher,* 39 NY2d 103, 104-105). Petitioner's signed witness statement indicated that he was traveling at 35 miles per hour at the time of the mishap, in excess of the posted limit, and both statements signed by petitioner indicate that the cause of the accident was the fact that petitioner's car skidded over the center double line and collided with the deceased's vehicle.

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Adjudged that the determination is confirmed and petition dismissed, without costs.