In the Matter of CHRISTOPHER J. JOHNSTON, Appellant, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents.—Appeal from a judgment of the Supreme Court (Williams, J.), entered May 1, 1991 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Motor Vehicles denying petitioner's application for a State motor vehicle operator's license.

Petitioner's arguments on this appeal are without merit. He claims that because the injuries he sustained in the two accidents which resulted in his driving while intoxicated convictions and the revocation of his license were minor cuts and bruises, they do not constitute personal injuries under Vehicle and Traffic Law § 1193 (2) (c). However, 15 NYCRR 136.5 (a) provides that any personal injury "regardless of the extent of such injury" falls within the statutory definition of "personal injury". This court has specifically determined that the regulation "is in harmony with both the statutory language and the policy concerns of the statute" *(Matter of Quealy v Passidomo,* 124 AD2d 955, 957, *lv denied* 69 NY2d 612; *see, Matter of Hauptman v New York State Dept. of Motor Vehicles,* 158 AD2d 600, *appeal dismissed* 75 NY2d 1004, *lv denied* 76 NY2d 706). His claim that the police accident reports were insufficient to establish personal injury is also specious insofar as he never raised this as a factual issue in

his application for a new license or prior to this proceeding, nor did he ever request a hearing on this issue *(see, Matter of Quealy v Passidomo, supra)*. Furthermore, the reports, while hearsay, were sufficiently relevant and probative to form a basis for the administrative determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130). Petitioner's remaining contentions have been reviewed and rejected as lacking in merit.

Mahoney, P. J., Casey, Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.