Matter of Sadallah v New York State Dept. of Motor Vehs. (2018 NY Slip Op 03036)





Matter of Sadallah v New York State Dept. of Motor Vehs.


2018 NY Slip Op 03036


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


568 TP 17-01992

[*1]IN THE MATTER OF DEBORAH G. SADALLAH, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR PETITIONER. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Niagara County [Daniel Furlong, J.], entered October 24, 2017) to review a determination of respondent. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking her driver's license for 30 days. The determination was based on the finding that petitioner violated Vehicle and Traffic Law § 1146 (a) by failing to exercise due care to avoid colliding with a pedestrian, who died as a result of the collision.
Contrary to petitioner's contention, the determination is supported by substantial evidence (see Matter of Chu v Fiala, 117 AD3d 585, 585-586 [1st Dept 2014]). Initially, we reject petitioner's contention that she was deprived of her right to due process by the admission of hearsay evidence at the hearing (see Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; Matter of Linton v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 92 AD3d 1205, 1206 [4th Dept 2012]; Matter of Scaccia v Martinez, 9 AD3d 882, 883-884 [4th Dept 2004]). It is well settled that " [h]earsay evidence is admissible in administrative hearings' . . . , and if sufficiently relevant and probative may constitute substantial evidence' " (Matter of Mastrodonato v New York State Dept. of Motor Vehicles, 27 AD3d 1121, 1122 [4th Dept 2006]; see Gray, 73 NY2d at 742-743). Here, the testimony of the witnesses who observed the collision and the hearsay statement of the other witness are sufficient to establish that petitioner "violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid striking a pedestrian" (Matter of Montagnino v Fiala, 106 AD3d 1090, 1091 [2d Dept 2013]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]).
Contrary to the further contention of petitioner, the penalty of a 30-day revocation of her license is not "so disproportionate to the offense . . . as to be shocking to one's sense of fairness" (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004] [internal quotation marks omitted]; see Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 961-962 [2d Dept 2015]; Montagnino, 106 AD3d at 1091; Matter of Gorman v New York State Dept. of Motor Vehs., 34 AD3d 1361, 1361-1362 [4th Dept 2006]). We reject petitioner's further contention that she did not receive adequate notice of the purpose of the hearing or the allegations against her (see Matter of Pratt v Melton, 72 AD2d 887, 887-888 [3d Dept 1979], affd for reasons stated 51 NY2d 837 [1980]; Matter of Gregson v Hults, 23 AD2d 911, 911-912 [3d Dept 1965], affd 16 NY2d 936 [1965]; Matter of Giudice v Adduci, 176 AD2d 1175, 1176 [3d Dept 1991]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court