■ HELEN A. BOXWILL, Respondent, v FRANK S. BOXWILL, Appellant.-

Contrary to the father's contentions, the Hearing Examiner permissibly exercised his discretion in declining to grant a further adjournment of a hearing on the mother's application for increased child support. The record reveals that although the matter had previously been marked "final" after several adjournments, the father nevertheless appeared at the hearing without counsel, and declined to participate in the proceeding unless given an adjournment of "at least a month" to obtain a new attorney. The father, who had retained and discharged several attorneys prior to the hearing, provided no warning that such an adjournment would be sought and supplied no explanation for his failure to retain new counsel prior to the hearing. It is well settled "that requests for adjournments are addressed to the sound discretion of the court" *(Matter of Alario v DeMarco,* 149 AD2d 587, 589; *see also, People v Spears,* 64 NY2d 698, 699; *Matter of Anthony M.,* 63 NY2d 270, 283). Under the circumstances presented we discern no error in the Hearing Examiner's denial of the request for an adjournment.

We conclude, however, that the proof adduced with respect to the requested increased child support to cover future increased medical and dental expenses fails to support the award made. At the hearing, the mother's proof as to the increased amounts requested consisted of her own speculative and conclusory assertions, and a series of medical bills and other documents, admitted into evidence en masse, from which no reliable calculation of the consistent future expenses

can be derived. In light of the foregoing, the award for increased support for medical and dental expenses must be vacated.

We have reviewed the father's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.