■ In the Matter of LEONARD MAGGIORE, Petitioner, v DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Respondents. [743 NYS2d 27] —Determination of the Acting Commissioner of the Department of Buildings, dated June 26, 2000, finding petitioner guilty of specified misconduct and revoking

his master plumber's license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Madden, J.], entered April 12, 2001) dismissed, without costs.

Bearing in mind that "[s]ubstantial evidence need not rise to the level of a preponderance of the evidence, but rather, is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (*Matter of Romero v Martinez*, 280 AD2d 58, 61, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180), we conclude that the tape-recorded evidence adduced against petitioner at his administrative hearing, including recordings of conversations in which he, respondent's investigators and others participated, was sufficiently substantial to support the Acting Commissioner's findings that petitioner permitted unlicensed plumbers to use his license number in violation of Administrative Code of the City of New York § 26-138 (a); that he instructed a contractor without a plumbing license how to create the public impression that the contractor was capable of providing licensed plumbing services; that he instructed an unlicensed plumber how to avoid detection by the Department of Buildings for providing unlicensed plumbing services; and that he agreed to file plumbing repair applications for work he knew would be performed by an unlicensed plumber who was not employed or supervised by him. While it is true that the record made at the administrative hearing was subject to various interpretations and that the Administrative Law Judge adopted an interpretation exonorating petitioner, the Acting Commissioner was not bound by the Administrative Law Judge's findings of fact or credibility (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 394; *Matter of Dobrin v Safir*, 272 AD2d 134) and was free to reach his own determination, so long as that determination was supported by substantial evidence (*see, Matter of Simpson, supra*). Concur—Tom, J.P., Mazzarelli, Andrias, Sullivan and Friedman, JJ.