■ In the Matter of NEAL MILANO, Petitioner, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent. [761 NYS2d 29] —Determination of respondent New York City Taxi and Limousine Commission, dated April 17, 2001, which revoked petitioner's license to operate a taxicab, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Walter Tolub, J.], entered on or about June 25, 2002) dismissed, without costs.

Respondent's finding that petitioner had used an illegal *substance* was supported by *substantial* evidence, namely the results of a GC/MS drug test (*see Matter of Davis v Safir*, 262 AD2d 107 [1999]), and where substantial evidence exists to

support an administrative finding such as the one at issue resulting from an administrative hearing, that finding must be judicially sustained, even if a similar quantum of evidence is available to support a different conclusion (*see Matter of Collins v Codd*, 38 NY2d 269, 270-271 [1976]). Although the Administrative Law Judge credited petitioner's account of the manner in which petitioner's drug test was administered and discredited the account of the test given by the test administrator and, in light of those credibility assessments, found the test results unreliable, respondent's Commissioner/Chairperson was entitled to disagree with the Administrative Law Judge's credibility assessments and thus to reach a contrary finding as to the reliability of the disputed test results (*see Matter of Maggiore v Department of Bldgs. of City of N.Y.*, 294 AD2d 304 [2002]).

Revocation of a license to operate a taxicab based on a licensee's positive test for use of illegal narcotics does not shock our sense of fairness (*see Matter of Hassan v New York City Taxi & Limousine Commn.*, 287 AD2d 715, 716 [2001]).

We find unavailing petitioner's remaining arguments, including his claim that revocation of his license by respondent's Chairperson pursuant to the authority granted her under 35 RCNY 8-15 (d) constituted a denial of due process. Contrary to petitioner's argument, the Chairperson does not, under the challenged rule, have unfettered license revocation power. The rule in no way liberates respondent's revocation power from the significant procedural and substantive conditions placed on its exercise by Administrative Code of the City of New York §§ 19-512.1 and 19-506 (a), and does not diminish the power of the courts to insist that a revocation determination be supported by substantial evidence and inoffensive to basic notions of proportionality. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.