■ In the Matter of GERALD MASTRODONATO, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [815 NYS2d 371]—

Proceeding pursuant to CPLR article 78 (transferred to the

Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Matthew A. Rosenbaum, J.], entered September 13, 2005) to review a determination of respondents. The determination revoked petitioner's driver's license.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. The record establishes that a police officer stopped the vehicle driven by petitioner based on petitioner's failure to signal a lane change and, although the police officer warned petitioner of the consequences of refusing to submit to a chemical test, petitioner nevertheless refused testing. Petitioner contends for the first time in his CPLR article 78 petition that there was no evidence that he was operating the vehicle, and he therefore failed to exhaust his administrative remedies with respect to that contention (see Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944 [2002]; Matter of Nelson v Coughlin, 188 AD2d 1071 [1992], appeal dismissed 81 NY2d 834 [1993]). Contrary to petitioner's further contention, the determination is supported by substantial evidence. "Hearsay evidence is admissible in administrative hearings" (Matter of Scaccia v Martinez, 9 AD3d 882, 883 [2004]), "and if sufficiently relevant and probative may constitute substantial evidence" (People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). The police officer's report established that the officer administered warnings to petitioner and that petitioner refused to submit to a chemical test, and the Administrative Law Judge was entitled to discredit petitioner's testimony to the contrary (see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Matter of Barhite v Village of Medina, 23 AD3d 1114, 1115 [2005]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.