■ In the Matter of WAI LUN FUNG, Petitioner, v MATTHEW DAUS, as Chair of the New York City Taxi and Limousine Commission, Respondent. [846 NYS2d 104]—

Determination of respondent Taxi and Limousine Commission (TLC), dated August 29, 2006, which, after a hearing, revoked petitioner's license to operate a taxicab based on positive drug testing, unanimously confirmed, the petition denied and this proceeding (transferred to this Court by order of Supreme Court, New York County [Lewis Bart Stone, J.], entered December 18, 2006), dismissed, without costs.

Respondent's finding that petitioner had used an illegal substance was supported by substantial evidence, which included, inter alia, the TLC's outline of the protocol followed by the Doctors Review Service after a sample tests positive for the use of drugs, and a chain of custody form regarding the sample submitted. The administrative law judge's finding that petitioner's testimony regarding his defense of passive smoke inhalation lacked credibility was entitled to great weight (*see Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281 [2007]). In addition, petitioner has failed to demonstrate how he was prejudiced by other irregularities (*Matter of Fama v Mann*, 196 AD2d 919, 920 [1993]), such as evidence purportedly omitted from the record. There is no basis for petitioner's claims that the TLC should have provided at least one witness for cross-examination, or that the administrative law judge should have compelled compliance with his subpoenas (*see Matter of Gordon v Brown*, 84 NY2d 574, 578-579 [1994]), or that the administrative law judge was biased.

Nor did the administrative law judge improperly shift the burden of proof to petitioner at the fitness hearing. Section 2-19 (b) (2) of 35 RCNY, which provides that a positive drug test may lead to revocation of a taxi license, clearly puts a licensee on notice that he is required to take an annual drug test, and that upon failing such a test, his license may be revoked.

We further reject petitioner's claim that pursuant to New York City Administrative Code § 19-512.1 (a), he was entitled to a hearing before the full nine-member TLC, or in front of a competent administrative tribunal. The "construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (*Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). A plain reading and common sense suggest that the drafters of section 19-512.1 (a) did not mean "full commission" every time the term "commission" is used throughout this chapter of the Administrative Code. Nor has petitioner provided any legal authority to support his contention that an administrative law judge is not a competent arbiter.

Under these circumstances, it cannot be concluded that the penalty of revocation imposed by respondent shocks the judicial conscience (*Matter of Milano v New York City Taxi & Limousine Commn.*, 305 AD2d 326 [2003], *lv denied* 5 NY3d 707 [2005]; *Matter of Hassan v New York City Taxi & Limousine Commn.*, 287 AD2d 715 [2001]). Concur—Friedman, J.P., Sullivan, Buckley and Malone, JJ.