*354 Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 24, 2007, which, in an action by a former cab driver alleging negligence by defendants, a drug testing company and its employee, in administering a drug test that found cocaine in plaintiff’s urine and resulted in the revocation of plaintiffs taxicab operator’s license, granted defendants’ motion to dismiss the complaint on the ground of collateral estoppel, unanimously affirmed, without costs.
Plaintiff raises the same issues in this action that he unsuccessfully raised and were necessarily decided in the prior fitness hearing before the Taxi and Limousine Commission (TLC) (Matter of Milano v New York City Taxi & Limousine Commn., 305 AD2d 326 [2003], lv denied 5 NY3d 707 [2005]), namely, that defendants allowed his urine specimen to become contaminated and failed to properly document the chain of custody (see Ryan v New York Tel. Co., 62 NY2d 494, 499, 500-502 [1984]). We reject plaintiffs argument that collateral estoppel should not be applied here because TLC’s determination was based on an unrebutted presumption of the test’s validity (see Matter of Wai Lun Fung v Daus, 45 AD3d 392, 393 [2007]; see also Matter of Allen v Police Dept. of City of N.Y., 240 AD2d 229 [1997]) that would not be applied by a court of law. It suffices that plaintiff was given a full and fair opportunity at the fitness hearing to show that the test was invalid because he had dropped the cup into the toilet bowl before giving the sample. We also reject plaintiff’s argument that considerations of fairness weigh against application of collateral estoppel because he was “forced” to litigate in the first instance in an administrative tribunal. Nor does it avail plaintiff to argue that he did not have an opportunity to conduct discovery when he never requested discovery. Concur — Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.