■ In the Matter of RUI ZEN CAO, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [881 NYS2d 448]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated June 7, 2006, which, after a hearing, granted the application of Lindsay Park Housing Corp. for a certificate of eviction and authorized it to evict the petitioner from her apartment.

Adjudged that the petition is granted, on the law, with one bill of costs, the determination is annulled, and any certificate of eviction issued pursuant to that determination is vacated.

The petitioner is the shareholder and tenant of record of a one-bedroom apartment (hereinafter the subject apartment) in a Mitchell-Lama cooperative housing development (see Private Housing Finance Law § 10 et seq.) owned by Lindsay Park Housing Corp. (hereinafter Lindsay Park). The petitioner resided in the subject apartment as a tenant of record with her husband and son from April 1995 until her husband's death in 2004, and thereafter with her son only. The petitioner and her husband secured the subject apartment when they were chosen from an internal waiting list, based upon the fact that they previously occupied a studio apartment in another building owned by Lindsay Park (hereinafter the prior apartment), which the petitioner also occupied as a tenant of record.

In this proceeding, the petitioner contests a determination of the New York City Department of Housing Preservation and Development (hereinafter HPD), made after a hearing, granting Lindsay Park's application for a certificate of eviction pursuant to 28 RCNY 3-02, and authorizing Lindsay Park to commence eviction proceedings against her. The preliminary notice of eviction alleged that the petitioner wrongfully obtained the subject apartment since, at the time she first occupied the prior apartment in 1993, she was not on a waiting list for the prior apartment, and her former cotenant—whose name was on the waiting list—never actually occupied the prior apartment with her.

At the hearing, Lindsay Park submitted an affidavit of the petitioner, in which she stated that she moved into the prior apartment in July 1993 with her former cotenant, who left "some time in the beginning of 1995." Lindsay Park also submitted evidence that in April 1995, the petitioner and her husband signed an occupancy agreement for the subject apartment. In the determination under review, an HPD administrative law judge found that Lindsay Park "submitted very scant

information about the initial occupancy" of the prior apartment, but nonetheless issued a certificate of eviction based upon a finding that there was "no evidence" that the individual named on the waiting list ever occupied that apartment.

The determination must be annulled, as it is not supported by substantial evidence (*see* CPLR 7803 [4]), that is, "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). At the hearing, Lindsay Park bore the burden of establishing that the petitioner, as the tenant of record, secured tenancy of the subject apartment in violation of the applicable rules (*see Matter of Verdell v Lincoln Amsterdam House, Inc.*, 27 AD3d 388, 391 [2006]; *Matter of Estate of Vaisman v East Midtown Plaza Hous. Co.*, 15 AD3d 290 [2005]). The only evidence submitted by Lindsay Park with respect to the prior apartment was a copy of the waiting list, indicating that the prior apartment was assigned to the petitioner's former cotenant, and the petitioner's affidavit, in which she stated that she and her former cotenant moved into the prior apartment in July 1993 and lived there together until early 1995. Lindsay Park submitted no evidence in support of its claim that the petitioner's former cotenant never occupied the prior apartment.

Lindsay Park argues, in the alternative, that if the petitioner's former cotenant did, in fact, occupy the prior apartment with the petitioner, he did so for less than two years, which would mean that the petitioner was not entitled to succeed to his rights to the prior apartment (*see* 28 RCNY 3-02 [p] [2]). However, this allegation was neither specified in the notice of the charges nor considered at the hearing. Accordingly, we may not consider this argument in the instant proceeding. Moreover, the petitioner has been one of the tenants of record of both the prior apartment and the subject apartment for the entirety of the relevant period of time, so the gravamen of the administrative charges against her is not that she lacks succession rights to a tenant of record.

HPD contends that "the waiting-list status originally obtained" by the petitioner's former cotenant in the prior apartment "disappeared" when the former cotenant himself "disappeared and never returned to the [prior] apartment." However, the fact that the former tenant "disappeared" and could not be located was not stated as a ground for eviction, and we are limited to reviewing only the grounds for the challenged determination actually articulated by the HPD in the administrative record and the decisional documents.

In view of the foregoing, the determination under review must be annulled, and any certificate of eviction issued pursuant to that determination must be vacated.

The petitioner's remaining contentions need not be addressed in light of our determination. Florio, J.P., Miller, Covello and Austin, JJ., concur.