FOURTH DEPARTMENT, FEBRUARY, 2012

(February 10, 2012)

■ In the Matter of PENNELLA L. LINTON, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, Respondent. [937 NYS2d 905]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking her driver's license based on her refusal to submit to a chemical test following her arrest for driving while intoxicated. The record establishes that a police officer stopped the vehicle driven by petitioner based on her failure to yield the right-of-way, to maintain her lane and to stop at a red light. Although the officer warned petitioner of the consequences of refusing to submit to a chemical test, she nevertheless refused to do so.

Contrary to petitioner's contention, the determination is supported by substantial evidence. " 'Hearsay evidence is admissible in administrative hearings' . . . , 'and if sufficiently relevant and probative may constitute substantial evidence' " (*Matter of Mastrodonato v New York State Dept. of Motor Vehicles*, 27 AD3d 1121, 1122 [2006]; *see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). Here, the documentary evidence submitted at the hearing established that the officer had reasonable grounds to believe that petitioner had been driving while impaired or intoxicated, that the officer made a lawful arrest of petitioner and "that petitioner refused to submit to the chemical test after being warned of the consequences of such refusal" (*Gray*, 73 NY2d at 742; *see* Vehicle and Traffic Law § 1194 [2] [c]). "[T]he Administrative Law Judge [(ALJ)] was entitled to discredit petitioner's testimony to the contrary" (*Mastrodonato*, 27 AD3d at 1122), and the record as a whole does not support petitioner's further contention "that the [ALJ] was prejudiced or biased or had predetermined the case" (*Matter of Donlick v Hults*, 13 AD2d 879, 880 [1961]; *see Matter of Wai Lun Fung v Daus*, 45 AD3d 392 [2007]). Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ.