# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**22**

**TP 11-01466**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF PENNELLA L. LINTON, PETITIONER,

V                                                        MEMORANDUM AND ORDER

STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES
APPEALS BOARD, RESPONDENT.

---

PENNELLA L. LINTON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], dated July 18, 2011) to review a determination of respondent. The determination revoked the driver's license of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking her driver's license based on her refusal to submit to a chemical test following her arrest for driving while intoxicated. The record establishes that a police officer stopped the vehicle driven by petitioner based on her failure to yield the right-of-way, to maintain her lane and to stop at a red light. Although the officer warned petitioner of the consequences of refusing to submit to a chemical test, she nevertheless refused to do so.

Contrary to petitioner's contention, the determination is supported by substantial evidence. " 'Hearsay evidence is admissible in administrative hearings' . . ., 'and if sufficiently relevant and probative may constitute substantial evidence' " (*Matter of Mastrodonato v New York State Dept. of Motor Vehicles*, 27 AD3d 1121, 1122; *see Matter of Gray v Adduci*, 73 NY2d 741, 742). Here, the documentary evidence submitted at the hearing established that the officer had reasonable grounds to believe that petitioner had been driving while impaired or intoxicated, that the officer made a lawful arrest of petitioner and "that petitioner refused to submit to the chemical test after being warned of the consequences of such refusal" (*Gray*, 73 NY2d at 742; *see* Vehicle and Traffic Law § 1194 [2] [c]).

"[T]he Administrative Law Judge [(ALJ)] was entitled to discredit petitioner's testimony to the contrary" (*Mastrodonato*, 27 AD3d at 1122), and the record as a whole does not support petitioner's further contention "that the [ALJ] was prejudiced or biased or had predetermined the case" (*Matter of Donlick v Hults*, 13 AD2d 879, 880; *see Matter of Wai Lun Fung v Daus*, 45 AD3d 392).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court