In a proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Donna M. Mills, J.], entered on or about March 1, 2012), seeking to annul a determination of respondent the New York City Department of Buildings (DOB), dated September 13, 2011, which, after a hearing, revoked petitioner’s master plumbing license upon a finding that she engaged in conduct that violated the New York City Building Code, the petition is unanimously granted in part, to the extent of annulling the penalty of license revocation, and remanding the matter to the agency for imposition of a lesser penalty, and the determination otherwise confirmed, without costs.
Substantial evidence supports respondent’s determination that petitioner violated section 26-142 of the Administrative Code of the City of New York, also known as the 1968 Building Code, since renumbered as section 28-408.1 of the Administrative Code of the City of New York, when she applied for a plumbing permit for work at a property, knowing that the owner had hired her to supervise his own worker, rather than one under her direct supervision or employ as required under the Code (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]; CPLR 7803 [4]). There is no merit to petitioner’s contention that DOB’s failure to establish exactly which portion of the work was performed by the owner’s worker as opposed to the superseding licensed master plumber, whose subsequent permit application indicated that he took full responsibility for the entire project, meant that DOB failed to establish that the worker impermissibly performed work under petitioner’s permit. Rather, the administrative law judge specifically relied upon petitioner’s admissions during her sworn interviews with DOB’s investigators that she took the job and obtained the permit knowing that the owner insisted on using his own worker, and that she supervised his work on the project until she was fired for telling the owner that the work was not up to code and would require corrective measures by her company’s employees.
However, we find that the penalty of revocation was excessive upon considering the following factors: the license is petitioner’s *499 sole means of livelihood; this was the only instance of misconduct in an otherwise unblemished history as a licensed master plumber since 2001; there was no resultant harm to the public or the agency; and petitioner seemingly acknowledged the potential for harm when she informed the owner that his worker’s performance was inadequate and proposed that her workers correct the violations (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234-235 [1974]; cf. Matter of Maggiore v Department of Bldgs, of City of N.Y., 294 AD2d 304 [1st Dept 2002]). We note that the record demonstrated that DOB’s precedent indicates that in several other instances where licensees have committed similar acts of misconduct by performing work prohibited by the Code and/or submitting false reports or documents to DOB, which potentially placed the public at greater risk of harm than the misconduct at issue here, the agency imposed far less severe penalties. Concur — Tom, J.E, Mazzarelli, Freedman, Richter and Feinman, JJ.