■ In the Matter of N.F. Gozo, Inc., et al., Petitioners, v John J. Doherty et al., Respondents. [990 NYS2d 74]—

Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Environmental Control Board of the City of New York dated May 19, 2011, which affirmed two determinations of an Administrative Law Judge, made after a hearing, finding that the petitioners engaged in illegal dumping in violation of Administrative Code of the City of New York § 16-119, and imposed a penalty on each petitioner in the sum of $1,500.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the penalties imposed are vacated.

On October 26, 2010, a New York City Department of Sanitation (hereinafter the DOS) officer observed the petitioner Nicholas F. Gozo unload approximately two cubic yards of what was described as "dirt and rock" from a truck owned by the petitioner N.F. Gozo, Inc. (hereinafter N.F. Gozo), onto the ground at a vacant lot opposite 3021 Avenue Z in Brooklyn. N.F. Gozo is a landscape contractor and operates a nearby plant nursery on Coyle Street. N.F. Gozo also owns the vacant lot where the unloading occurred. N.F. Gozo and its president, Nicholas F. Gozo (hereinafter together the petitioners), were each issued a notice of violation, charging them with illegal dumping without a permit in violation of Administrative Code of the City of New York § 16-119 (a).

At a hearing before an Administrative Law Judge, three repre-

sentatives from the DOS testified that the petitioners had unloaded "dirt and rock" on the vacant lot. The petitioners argued that the material constituted topsoil and that it was necessary for their landscaping and nursery business to temporarily store topsoil on the vacant lot. In this regard, Gozo testified that he had a license from the New York State Department of Agriculture and Markets to operate a nursery and that the unloaded material constituted topsoil that was necessary to operate the nursery. According to Gozo, who possesses a degree in horticulture, topsoil is "the top foot" of "farmland" that is "stripped" and contains a minimum of 6% organic matter. Gozo added that he had informed the DOS that the topsoil on the vacant lot was used in connection with a landscaping contract between N.F. Gozo and the New York City School Construction Authority.

In opposition to the notice of violation, the petitioners submitted an affidavit from a licensed landscape architect wherein the architect averred that he examined "a mound of topsoil located in [the petitioners'] yard" and "found it to be a good grade of topsoil." Also, the petitioners submitted an affidavit from a horticulturist who averred that she "examine[d] a mound of topsoil located in [the petitioners'] yard," and found it to be "topsoil for landscaping."

After the hearing, the Administrative Law Judge issued two determinations finding that the petitioners violated Administrative Code § 16-119 (a), and imposed a penalty upon each in the sum of $1,500. On administrative appeal, the New York City Environmental Control Board (hereinafter the ECB) affirmed the Administrative Law Judge's determinations.

Initially, this proceeding was properly transferred to this Court pursuant to CPLR 7804 (g) because the petition raises a question of substantial evidence (see CPLR 7803 [4]). "To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.-Traffic Violations Div., 101 AD3d 880, 880 [2012]; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Paolino v Swarts, 105 AD3d 850, 851 [2013]).

Here, the determination that the petitioners violated Administrative Code § 16-119 (a) is not supported by substantial evidence (see CPLR 7803 [4]), that is, "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Miller v DeBuono, 90 NY2d 783, 793 [1997]; see 300 Gramatan Ave. Assoc. v State Div. of

*Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Cao v New York City Dept. of Hous. Preserv. & Dev.*, 63 AD3d 847, 849 [2009]). The evidence presented at the hearing failed to establish that the material unloaded by the petitioners onto their property constituted "offensive matter" within the meaning of Administrative Code § 16-119 (a). Rather, the record demonstrates that the petitioners simply unloaded topsoil onto their property while operating their landscaping business. Under these circumstances, the record lacks substantial evidence to support the determination that the petitioners violated Administrative Code § 16-119 (a).

In light of our determination, we need not reach the petitioners' remaining contentions.

Accordingly, we grant the petition, annul the ECB's determination, and vacate the penalties imposed. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.