■ In the Matter of NASHAT ESTAFANOUS, Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [26 NYS3d 126]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York City Environmental Control Board dated July 25, 2013, which confirmed a determination of an administrative law judge dated March 27, 2013, which, after a hearing, found that the petitioner violated Administrative Code of the City of New York § 28-201.1 by failing to comply with an order of the Commissioner of the Department of Buildings of the City of New York to obtain a permit for work performed on his property or to remove existing violations, and assessed a penalty in the sum of $40,800 against the petitioner.

Adjudged that the determination dated July 25, 2013, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Environmental Control Board (hereinafter the ECB), which confirmed a determination of an administrative law judge (hereinafter the ALJ) that the petitioner violated Administrative Code of the City of New York § 28-201.1 by failing to comply with an order of the Commissioner of the respondent Department of Buildings of the City of New York (hereinafter the DOB) to obtain a permit for work performed on his property or to remove existing violations. The administrative determination included the assessment of a penalty in the sum of $40,800 against the petitioner.

Contrary to the respondents' contention, the petitioner's claim that he was improperly denied the opportunity to be represented by counsel at a hearing is properly before this

Court (*see generally Matter of Solutions Economics, LLC v Long Is. Power Auth.*, 97 AD3d 593, 595 [2012]; *Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 713 [2011]; *Matter of Emrey Props., Inc. v Baranello*, 76 AD3d 1064, 1067 [2010]). However, we reject the petitioner's contention that the ALJ's denial of his request for an adjournment of the hearing for the purpose of securing counsel violated his constitutional right to due process. Aside from certain narrow exceptions, the constitutional right to counsel does not extend to civil actions or administrative proceedings (*see Matter of Watson v Fiala*, 101 AD3d 1649, 1650-1651 [2012]; *Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 554 [1996]; *Patricia W. Walston, P. C. v Axelrod*, 103 AD2d 769, 770 [1984]). Due process considerations require only that a party to an administrative proceeding be afforded the opportunity to be represented by counsel (*see Matter of Mera v Tax Appeals Trib. of State of N.Y.*, 204 AD2d 818, 820 [1994]), and a request for an adjournment for the purpose of obtaining counsel is addressed to the discretion of the ALJ (*see* 48 RCNY 3-52.1; *Matter of Gell v Carrion*, 81 AD3d 953, 953 [2011]). Here, the petitioner was represented by counsel on the first day of the hearing, which had been adjourned at the petitioner's request. Both the petitioner and his attorney were notified that the second date of the hearing was marked final, and the petitioner never informed the ALJ prior to the second date of the hearing that he would be retaining new counsel. Accordingly, the ALJ providently exercised her discretion in declining to grant the petitioner a further adjournment of the hearing so that counsel could be present (*see Matter of Mera v Tax Appeals Trib. of State of N.Y.*, 204 AD2d at 820; *Boxwill v Boxwill*, 158 AD2d 642, 643 [1990]).

Further, there is no merit to the petitioner's contention that his right to due process was violated because the officer who issued the notices of violation was not available at the hearing for cross-examination (*see Matter of Gordon v Brown*, 84 NY2d 574, 579-580 [1994]; *Matter of Gray v Adduci*, 73 NY2d 741, 742-743 [1988]; *Matter of Putnam Cos. v Shah*, 93 AD3d 1315, 1316 [2012]; *Matter of Smith v New York State Dept. of Health*, 66 AD3d 1144, 1146-1147 [2009]; *Matter of Wai Lun Fung v Daus*, 45 AD3d 392, 392 [2007]).

Contrary to the petitioner's contention, the determination of the ECB confirming the ALJ's determination that the petitioner violated Administrative Code of the City of New York § 28-201.1 by failing to comply with certain orders of the Commissioner of the DOB, which directed him to obtain a permit or

remove existing violations on his property, was supported by substantial evidence, and therefore will not be disturbed (*see* Administrative Code of City of NY § 28-201.1; 48 RCNY 3-54 [a], [b]; *Matter of AFP Holding, Inc. v City of New York*, 120 AD3d 669, 670 [2014]; *Matter of E2CD, LLC v Appeals Unit of NYC Envtl. Control Bd.*, 116 AD3d 773, 774 [2014]; *Matter of Konstas v Environmental Control Bd. of City of N.Y.*, 104 AD3d 689, 690 [2013]; *Matter of Aparicio v Environmental Control Bd. of City of N.Y.*, 83 AD3d 1054, 1055 [2011]).

The amount of the penalty imposed does not shock the court's sense of fairness and did not constitute an unconstitutionally excessive fine (*see OTR Media Group, Inc. v City of New York*, 83 AD3d 451, 454 [2011]; *Matter of Pistilli Assoc. III, LLC v New York City Water Bd.*, 46 AD3d 905, 905-906 [2007]; *Matter of Seril v New York State Div. of Hous. & Community Renewal*, 205 AD2d 347, 347 [1994]).

The petitioner's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.