Matter of LaChance v New York State Dept. of Motor Vehicles (2018 NY Slip Op 02183)





Matter of LaChance v New York State Dept. of Motor Vehicles


2018 NY Slip Op 02183


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06828
 (Index No. 3043/16)

[*1]In the Matter of Sylvain LaChance, petitioner, 
v
New York State Department of Motor Vehicles, respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend, David Lawrence III, and Scott Eisman of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated January 26, 2016. The determination affirmed a determination of an administrative law judge dated March 9, 2015, made after a hearing, finding that the petitioner violated Vehicle and Traffic Law §§ 1129(a), 1163(a), 1128(a), and 1180(a), and suspending his driver license for a period of one year.
ADJUDGED that the determination dated January 26, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was involved in a multivehicle accident on Interstate 87 in Orange County that occurred on February 26, 2014. The operator of one of the other vehicles (hereinafter the decedent) was killed when the tractor trailer that the petitioner was driving struck the rear of the vehicle that the decedent was driving as they were traveling in a heavy smoke condition on the highway. The investigating police officer prepared an accident report finding that the petitioner had been partly responsible for the fatal collision because he failed to maintain a safe rate of speed under the prevailing conditions. Following a hearing at which the petitioner presented evidence that he was
confronted with an emergency and acted reasonably under the circumstances, an administrative law judge (hereinafter ALJ) determined that the petitioner operated his vehicle at an excessive speed in violation of Vehicle and Traffic Law § 1180(a), followed the decedent's vehicle too closely in violation of Vehicle and Traffic Law § 1129(a), and left his lane of travel in an unsafe manner in violation of Vehicle and Traffic Law §§ 1128(a) and 1163(a). The ALJ suspended the petitioner's driver license for a period of one year. In a determination dated January 26, 2016, the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. The petitioner then commenced this proceeding pursuant to CPLR article 78 challenging the Appeals Board's determination on the ground that it was not supported by substantial evidence.
Substantial evidence is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. [*2]of Human Rights, 45 NY2d 176, 180; see Matter of Gray v Adduci, 73 NY2d 741, 743; Matter of N.F. Gozo, Inc. v Doherty, 119 AD3d 693, 694). In conducting our review, deference must be given to the fact-finding and credibility determinations of the administrative agency, and we may not weigh the evidence or reject the agency's choice where the evidence is conflicting and room for choice exists (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331; Matter of Nelke v Department of Motor Vehs. of State of N.Y., 79 AD3d 433, 434; Matter of DeOliveira v New York State Dept. of Motor Vehs., 271 AD2d 607, 608).
Contrary to the petitioner's contention, the challenged determination is supported by substantial evidence, including the police accident report prepared by the officer who investigated the matter, the documentary evidence and testimony of witnesses, and the petitioner's submission of his own account of the incident. The petitioner's challenges to the ALJ's resolution of the factual and credibility issues presented by the evidence, including the rejection of the petitioner's assertion that he was confronted with an emergency that was not of his own making and that he acted reasonably under the circumstances, are unavailing (see Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959; Matter of Vaeth v New York State Dept. of Motor Vehs., 83 AD3d 460; Matter of Guarino v New York State Dept. of Motor Vehs., 80 AD3d 697; Matter of Mastrodonato v New York State Dept. of Motor Vehicles, 27 AD3d 1121).
The petitioner's remaining contentions are either not properly before this Court (see Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 881-882; Matter of Mastrodonato v New York State Dept. of Motor Vehicles, 27 AD3d at 1122) or without merit.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court