Matter of Bersani v New York State Dept. of Motor Vehs. (2018 NY Slip Op 04181)





Matter of Bersani v New York State Dept. of Motor Vehs.


2018 NY Slip Op 04181


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


654 TP 17-02198

[*1]IN THE MATTER OF BRETT D. BERSANI, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 






HOGANWILLIG, PLLC, AMHERST (REBECCA M. KUJAWA OF COUNSEL), FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered December 20, 2017) to review a determination of respondent. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated (DWI). We confirm the determination. Contrary to petitioner's contention, the determination is supported by substantial evidence. The hearing testimony of the arresting officer, along with his refusal report, which was entered in evidence, established that petitioner refused to submit to the chemical test after he was arrested for DWI (see Vehicle and Traffic Law § 1194 [2] [a] [1]; see generally Matter of Huttenlocker v New York State Dept. of Motor Vehs. Appeals Bd., 156 AD3d 1464, 1464 [4th Dept 2017]). The Administrative Law Judge was entitled to discredit any testimony to the contrary (see Huttenlocker, 156 AD3d at 1464; Matter of Mastrodonato v New York State Dept. of Motor Vehicles, 27 AD3d 1121, 1122 [4th Dept 2006]). Petitioner's remaining contentions are raised for the first time in this proceeding pursuant to CPLR article 78, and he therefore failed to exhaust his administrative remedies with respect to those contentions (see Mastrodonato, 27 AD3d at 1122).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court