Matter of Gray v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 07570)





Matter of Gray v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 07570


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-11091
 (Index No. 773/18)

[*1]In the Matter of John Gray, et al., petitioners,
v
New York State Division of Housing and Community Renewal, et al., respondents.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for petitioners.
Mark F. Palomino, New York, NY (Anita Shia of counsel), for respondent New York State Division of Housing and Community Renewal.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated February 6, 2018. The determination adopted the recommendation of an administrative law judge, made after a hearing, finding that the petitioners engaged in a course of conduct constituting harassment and assessed civil penalties in the total sum of $55,000 against the petitioners.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs payable to the respondent New York State Division of Housing and Community Renewal.
The administrative law judge providently exercised her discretion in declining to grant the petitioners a further adjournment of the hearing so that they could hire an attorney (see Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906).
Contrary to the petitioners' contention, there is substantial evidence in the record to support the determination and findings made by the New York State Division of Housing and Community Renewal (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176,180).
We also find that the penalty imposed was not excessive or shocking to one's sense of fairness (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Pell v Board of Educ., 34 NY2d 222, 230).
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court