Santiago v Panda to Brasil Corp. (2023 NY Slip Op 06069)

Santiago v Panda to Brasil Corp.

2023 NY Slip Op 06069

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-00747
 (Index No. 709349/20)

[*1]Juan Leonardo Luis Santiago, respondent,
v
Panda to Brasil Corp., etc., Franco Filippelli, defendant third-party plaintiffs, Vana Corporation, appellant, et al., defendant, et al., third-party defendants.

Camacho Mauro Mulholland, LLP (Harris J. Zakarin, P.C., Melville, NY, of counsel), for appellant.
Bornstein & Emanuel, P.C. (Neil R. Finkston, Great Neck, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for common-law indemnification, the defendant third-party defendant Vana Corporation appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 15, 2021. The order granted the plaintiff's motion to appoint pro bono counsel to represent the defendant third-party plaintiff Panda to Brasil Corp.
ORDERED that the order is affirmed, with costs.
The plaintiff fell from a scaffold on a construction site and sustained personal injuries. The plaintiff commenced this action to recover damages for his personal injuries against, among others, the defendant third-party plaintiff Panda to Brasil Corp. (hereinafter PTB), which owned the premises at which the plaintiff fell. Thereafter, PTB and Franco Filippelli commenced a third-party action, inter alia, for common-law indemnification against, among others, the defendant third-party defendant Vana Corporation (hereinafter Vana), the plaintiff's employer, which leased the premises. PTB and Vana are separate corporate entities, but the sole officer and shareholder of both corporations is Filippelli.
In March 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The court denied Vana's motion for summary judgment dismissing the third-party complaint insofar as asserted against it and PTB's and Filippelli's separate motion for summary judgment on the third-party cause of action for common-law indemnification against Vana on the ground, among others, that there was a triable issue of fact as to whether the plaintiff suffered a "grave injury."
In April 2019, PTB terminated the services of its retained counsel because it could no longer afford counsel's representation, but it did not discontinue the third-party action. The [*2]Supreme Court granted the motion by PTB's counsel to be relieved as counsel. Vana then moved to dismiss the third-party complaint on the ground that PTB, which is a corporation, was no longer represented by counsel as required by CPLR 321(a). The court gave PTB 30 days to retain new counsel, and the plaintiff moved to appoint pro bono counsel to represent PTB. Vana opposed the motion, but PTB did not. The court granted the plaintiff's motion. Vana appeals.
"Aside from certain narrow exceptions, the constitutional right to counsel does not extend to civil actions or administrative proceedings" (Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906, 907; see Matter of Smiley, 36 NY2d 433, 438). However, "courts have a broad discretionary power to assign counsel without compensation in a proper case" (Matter of Smiley, 36 NY2d at 441). Moreover, "courts of record are vested with inherent powers, which are neither derived from nor dependent upon express statutory authority, and which permit such courts to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction" (Gabrelian v Gabrelian, 108 AD2d 445, 448; see generally Matter of Smiley, 36 NY2d at 438).
Under the circumstances presented here, where the Supreme Court determined that PTB's inability to afford representation had the potential to cause injustice, the court's appointment of counsel, who was willing and able to represent PTB on a pro bono basis, was not an improvident exercise of its discretion (see Matter of Smiley, 36 NY2d at 438, 441). PTB remains free to discontinue the third-party action or to retain counsel of its choosing at any time.
Vana's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court