Matter of Hagberg v New York State Dept. of Motor Vehs. Appeals Bd. (2024 NY Slip Op 00560)

Matter of Hagberg v New York State Dept. of Motor Vehs. Appeals Bd.

2024 NY Slip Op 00560

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

997 TP 23-00406

[*1]IN THE MATTER OF KEVIN J. HAGBERG, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, RESPONDENT. 

LEONARD CRIMINAL DEFENSE GROUP, PLLC, ROME (JOHN G. LEONARD OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered March 1, 2023) to review a determination of respondent. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination, which revoked his license to operate a motor vehicle after he refused to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194. Petitioner contends that respondent's determination that the police officer who arrested petitioner and attempted to obtain the chemical test had reasonable grounds to believe that petitioner was operating a motor vehicle in violation of Vehicle and Traffic Law § 1192 is not supported by substantial evidence (see generally Matter of Endara-Caicedo v New York State Dept. of Motor Vehicles, 38 NY3d 20, 23 [2022]). We reject that contention and confirm the determination.
Petitioner's brief focuses exclusively on whether the evidence at the refusal hearing established that he was intoxicated at the time of his arrest, but a chemical test of a person is authorized when a police officer has, inter alia, "reasonable grounds to believe such person to have been operating in violation of any subdivision of section [1192] of this article" (Vehicle and Traffic Law § 1194 [2] [a] [1]), and Vehicle and Traffic Law § 1192 makes it unlawful to drive while intoxicated or impaired by alcohol (see generally Matter of Linton v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 92 AD3d 1205, 1206 [4th Dept 2012]).
Here, although the arresting officer did not testify at the refusal hearing, the officer's refusal report, which was admitted in evidence, states that petitioner had a strong odor of alcohol on his breath, his eyes were bloodshot, watery and glassy, and he failed three field sobriety tests. It is true, as petitioner contends, that the refusal report does not specify which three field sobriety tests petitioner failed and provides no details regarding his performance of those tests, but petitioner declined the offer of the Administrative Law Judge (ALJ) to adjourn the hearing so that the arresting officer could appear and be questioned about those matters, preferring instead to allow the ALJ to make a determination based on the documentary evidence alone. In our view, the documentary evidence admitted in evidence at the refusal hearing establishes that the arresting officer had reasonable grounds to believe that petitioner was at least impaired by alcohol at the time of his arrest (see id.).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court