Matter of Sahara Constr. Corp. v New York City Off. of Admin. Trials & Hearings (2025 NY Slip Op 05688)

Matter of Sahara Constr. Corp. v New York City Off. of Admin. Trials & Hearings

2025 NY Slip Op 05688

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-05228
 (Index No. 725072/20)

[*1]In the Matter of Sahara Construction Corp., petitioner, 
v
New York City Office of Administrative Trials and Hearings, etc., et al., respondents.

Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard P. Dearing and Julie Steiner of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York City Office of Administrative Trials and Hearings dated November 17, 2020, as affirmed so much of a determination of a hearing officer dated December 5, 2017, as, after a hearing, denied the petitioner's motion to dismiss an administrative summons and its separate motion to compel certain discovery, and, upon a finding that the petitioner violated certain provisions of the Administrative Code of the City of New York and title 6 of the Rules of the City of New York, imposed civil penalties totaling $5,000 and directed the petitioner to pay restitution in the principal sum of $230,266.63.
ADJUDGED that the determination dated November 17, 2020, is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In January 2017, the respondent New York City Department of Consumer Affairs, since renamed New York City Department of Consumer and Worker Protection (hereinafter DCWP), issued an administrative summons to the petitioner, the general contractor for a home improvement project at a home located in Queens. The administrative summons alleged, inter alia, that in performing certain construction, the petitioner violated certain provisions of the Administrative Code of the City of New York and title 6 of the Rules of the City of New York. DCWP sought to impose a civil penalty of $1,000 per violation and a restitution award of $230,398.97 in favor of the homeowner. The respondent New York City Office of Administrative Trials and Hearings (hereinafter OATH) set the matter down for a hearing.
Five days before the hearing, the petitioner moved to dismiss the administrative summons, contending that it was time-barred. The petitioner also separately moved to compel certain discovery. Neither motion was addressed prior to the hearing.
After the hearing, a hearing officer issued a determination dated December 5, 2017, among other things, denying both of the petitioner's motions. In addition, upon finding that DCWP established that the petitioner violated certain provisions of the Administrative Code of the City of [*2]New York and title 6 of the Rules of the City of New York, the hearing officer imposed civil penalties totaling $5,000 and directed the petitioner to pay restitution to the homeowner in the principal sum of $230,266.63.
The petitioner filed an administrative appeal of the hearing officer's determination. In a determination dated November 17, 2020, OATH affirmed the hearing officer's determination.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of OATH's determination dated November 17, 2020, as affirmed so much of the hearing officer's determination as denied the petitioner's motion to dismiss the administrative summons and its separate motion to compel certain discovery, and imposed civil penalties and directed the petitioner to pay restitution, alleging, inter alia, that the civil penalties and restitution award constituted an abuse of discretion. OATH and DCWP opposed the petition. In an order dated June 21, 2021, the Supreme Court transferred the proceeding to this Court for determination, on the ground that the petitioner raised a question of substantial evidence.
Initially, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804(g), since the petition did not raise a question of substantial evidence (see Matter of 136-21 Hillside Ave., LLC v Niblack, 235 AD3d 961, 961; Matter of McArthur v Town of Brookhaven Dept. of Hous. & Human Servs., 232 AD3d 609, 611). Nevertheless, in the interest of judicial economy, this Court will decide the proceeding on the merits (see Matter of Dellisanti v Suffolk County Police Dept., 239 AD3d 976, 978; Matter of 136-21 Hillside Ave., LLC v Niblack, 235 AD3d at 961).
"An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Sasoon v Ruppert, 234 AD3d 776, 778 [internal quotation marks omitted]; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069-1070). "'A result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual or individuals subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual'" (Matter of Sasoon v Ruppert, 234 AD3d at 778 [alteration and internal quotation marks omitted], quoting Matter of Jacobs v Tuckahoe House. Auth., 186 AD3d 477, 481).
Contrary to the petitioner's contention, the civil penalties imposed do not shock one's sense of fairness and were not unconstitutionally excessive. Rather, the civil penalties fell within the guidelines set forth in the Administrative Code of the City of New York (see id. § 20-401), and the restitution award was consistent with the damages sustained by the homeowner as a result of the petitioner's violations (see Matter of Sasoon v Ruppert, 234 AD3d at 778; Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906, 908).
Moreover, the denial of the petitioner's motion to dismiss the administrative summons and its separate motion to compel certain discovery was not arbitrary and capricious (see CPLR 7803[3]; 48 RCNY 6-07[a],[b]; 48 RCNY 6-12[a]).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court